IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-027 - GMS |
| | ) | |
| EXPRESS, LLC, a/k/a | ) | |
| LIMITED BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT EXPRESS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to the Complaint filed by Plaintiff Paula Pagonakis ("Plaintiff"), Defendant Express LLC, incorrectly named in the Complaint as Express LLC, a/k/a, Limited Brands, Inc. ("Defendant"), through its undersigned attorneys, admits, denies and states as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent the Court requires a response, Defendant admits that jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1332, 26 U.S.C. §2617 and 42 U.S.C. §2000e, et. seq. and §12001.

2. Paragraph 2 of the Complaint sets forth a legal conclusion to which no response is required. To the extent the Court requires a response, Defendant admits that venue is proper.

### THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's residency. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4.

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent the Court requires a response, Defendant admits the allegations contained in paragraph 5 of the Complaint.

## FACTS

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits that Kristyn Bosley was the store manager for a period of time during Plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 12 of Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits Plaintiff was promoted, but denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits Plaintiff was promoted, but denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff resigned, but denies the remaining allegations contained in paragraph 32 of Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## ADMINISTRATIVE PREREQUISITES TO SUIT

35. Defendant admits that on or about January 30, 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant admits that on or about October 5, 2005, the EEOC issued Plaintiff a notice of right to sue. Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

## ANSWER TO COUNT I: DISCRIMINATION UNDER THE ADA

38. Responding to paragraph 38 of the Complaint, Defendant incorporates the admissions, denials, and statements set forth in paragraphs 1-37 of this Answer as if fully rewritten herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

## ANSWER TO COUNT II: VIOLATION OF THE ADA – RETALIATION

42. Responding to paragraph 42 of the Complaint, Defendant incorporates the admissions, denials, and statements set forth in paragraphs 1-41 of this Answer as if fully rewritten herein.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## ANSWER TO COUNT III: VIOLATION OF THE FMLA -- RETALIATION

46. Responding to paragraph 46 of the Complaint, Defendant incorporates the admissions, denials, and statements set forth in paragraphs 1-45 of this Answer as if fully rewritten herein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies each and every allegation, inference, suggestion, or innuendo set forth in the Complaint including, but not limited to the demand paragraphs not herein specifically admitted to be true.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

50. Plaintiff has failed to state a claim upon which relief can be granted.

51. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

52. Plaintiff's claims, in whole or in part, are barred because she failed to commence this action within ninety (90) days after receipt of her notice of right to sue.

53. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

54. Plaintiff's claims for punitive damages are barred because of Defendant's good faith efforts to prevent discrimination and to comply with the applicable state and federal laws.

55. Plaintiff's claims for punitive damages are barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

56. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for the employment actions taken with respect to Plaintiff.

57. Plaintiff's claims are barred, in whole or in part, by reason of her failure to mitigate or minimize her damages, the existence of which Defendant denies.

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and unclean hands.

59. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

60. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies.

61. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged accommodation was unreasonable and would impose an undue hardship on the operation of Defendant's business.

62. Some or all of the damages that Plaintiff seeks are not recoverable under the law.

63. Defendant reserves the right to amend or further plead any other affirmative defenses after a reasonable opportunity for discovery.

WHEREFORE, Defendant demands that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that it

recover its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which it may be entitled at law, or in equity, or as this Court deems just and appropriate.

          Respectfully Submitted,

          FOX ROTHSCHILD LLP

By:   /s/ Francis G.X. Pileggi
      Francis G.X. Pileggi (No. 2624)
      Sheldon K. Rennie (No. 3772)
      Citizens Bank Center, Suite 1300
      919 North Market Street
      Wilmington, Delaware 19801
      Telephone: (302) 655-3667
      Fax: (302) 656-8920
      E-Mail: fpileggi@foxrothschild.com
      E-Mail: srennie@foxrothschild.com

COUNSEL:

David A. Campbell (#0066494)
Lori L. Fauvie (#0076831)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 479-6100 (Telephone)
(216) 479-6060 (Facsimile)
dacampbell@vssp.com
llfauvie@vssp.com

Date: February 21, 2006

WM1A 73934v1 02/20/06

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed **DEFENDANT EXPRESS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Wilmington Delaware 19801

                                            /s/ Francis G.X. Pileggi
                                          Francis G.X. Pileggi (No. 2624)