UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS, | ) | CASE NO. 1:06-CV-00027 (GMS) |
| | ) | |
| Plaintiff, | ) | JUDGE GREGORY M. SLEET |
| v. | ) | |
| | ) | |
| EXPRESS LLC a/k/a LIMITED BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's April 5, 2006 Scheduling Order, Plaintiff Paula Pagonakis and Defendant Express LLC, improperly sued as Express, LLC a/k/a Limited Brands, Inc., ("Express") hereby submit the following status report:

**1.  Jurisdiction and Service.**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 26 U.S.C. § 2617 and 42 U.S.C. §§ 2000e, *et. seq.* and 12001, *et. seq.*  Express has been improperly named in this Complaint as Express LLC a/k/a Limited Brands, Inc.  Express nonetheless accepts service of the Complaint.  Because Plaintiff failed to commence this lawsuit within ninety (90) days of her right to sue letter, Plaintiff's ADA claims are barred by the statute of limitations.

**2.  Substance of Action.**

Plaintiff claims that Express failed to accommodate her alleged disabilities pursuant to the American with Disabilities Act ("ADA"), retaliated against her in

violation of the ADA and retaliated against her for taking Family Medical Leave Act ("FMLA") leave.

Express asserts, among other things, that Plaintiff's ADA claims are barred because she failed to commence this action within ninety (90) days after receipt of her right to sue letter; Plaintiff failed to submit documentation to support that she is a "qualified individual with a disability" as defined under the ADA, nonetheless, Express accommodated Plaintiff at all times relevant to the Complaint; Express did not retaliate against Plaintiff for taking FMLA leave; and no reasonable person in Plaintiff's situation would have felt compelled to resign.

3. **Identification of issues.**

Plaintiff asserts that the issue here is whether defendants discriminated under the ADA and retaliated under the ADA and FMLA.

Express maintains that there are no real factual issues in dispute, and that it is entitled to judgment as a matter of law. For purposes of this status report, however, Express believes that the key factual and legal issues are:

- Plaintiff failed to commence this action within ninety (90) days after receipt of her right to sue letter and, therefore, her ADA claims are barred;

- Plaintiff is not a "qualified individual with a disability";

- Plaintiff failed to provide medical documentation to support her need for accommodations;

- A reasonable person in Plaintiff's situation would not be compelled to resign; and

- Plaintiff was never retaliated against for taking FMLA leave.

2

4.      **Narrowing of Issue.**

Plaintiff asserts that a narrowing of the issues is not possible.

Express maintains that this case can be decided by motion. As set forth above, Express maintains that there are no real factual issues in dispute, and that it is entitled to judgment in its favor. This is particularly true with respect to Plaintiff's ADA claims as they are barred by the statute of limitations.

5.      **Relief.**

In her Complaint, Plaintiff seeks back wages, reinstatement (or, in lieu thereof, front pay), compensatory damages in excess of $150,000, punitive damages and attorneys' fees and costs, and injunctive relief. Defendant maintains that some or all of the damages Plaintiff seeks are not available to her.

6.      **Amendment of Pleadings.**

Express requests that Plaintiff either amend her Complaint or file a Notice of Substitution to correct the designation of the defendant named therein.

7.      **Joinder of Parties.**

At this time, the parties do not believe any additional parties should be added to this litigation.

8.      **Discovery.**

The parties anticipate engaging in standard written discovery and taking depositions. Because the relevant parties do not reside in the same area, the parties believe that discovery can be completed in 180 days, depending on the number of depositions requested. They accordingly propose a discovery cut-off date of October 10, 2006.

9.  **Estimated length of trial.**

At this time, the parties anticipate a 2-4 day trial. At this time, Express does not believe bifurcation is necessary.

10. **Jury Trial.**

In her Complaint, Plaintiff demands a jury trial.

11. **Settlement.**

The parties have not engaged in settlement discussions to date. At this time, Express does not believe this matter is appropriate for mediation or other ADR mechanisms.

Plaintiff welcomes referral of this matter to the Magistrate for mediation.

12. **Other.**

The parties have nothing additional to report at this time.

13. **Statement of counsel.**

The parties met the requirement and conferred.

Respectfully Submitted,

/s/ Gary Aber
Gary W. Aber, Esq. (#754)
Aber, Goldlust, Baker & Over
702 King Street
P.O. Box 1675
Wilmington, Delaware 19899
gaber@gablawde.com
Attorneys for Plaintiff

DAVID A. CAMPBELL (#0066494)
LORI L. FAUVIE (#0076831)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114

4

and

/s/ Francis G. X. Pileggi
FRANCIS G.X. PILEGGI (Del. I.D. 2624)
**Fox ♦ Rothchild, LLP**
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, Delaware  19801
TELEPHONE: (302)  655-3667
FAX: (302) 656-8920
E-MAIL: fpileggi@foxrothschild.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Defendant's Status Report** was filed electronically on April 10, 2006.  A copy was served electronically upon counsel for Plaintiff, Gary W. Aber, Esq., Aber, Goldlust, Baker & Over, 702 King Street, P.O. Box 1675, Wilmington Delaware 19899  at : gaber@gablawde.com.

/s/ Francis G.X. Pileggi
*Attorney for Defendant*

5