IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULA PAGONAKIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-027 GMS |
| ) | |
| EXPRESS, LLC, a/k/a ) | |
| LIMITED BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

**REVISED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Paula Pagonakis and Defendant Express, LLC (which Defendant contends has been improperly named as Express, LLC a/k/a Limited Brands, Inc.) believe that certain information that may be produced or disclosed through discovery in the Action may constitute confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure or local rules of the Court; and

WHEREAS, the parties believe that it would serve their best interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED that:

1.    Any party may designate any documents, materials, or other information produced or disclosed to the other parties during discovery which contain confidential business information, trade secrets, personal private matters, confidential employee information, health information as defined under the Health Insurance Portability and Accountability Act ("HIPAA"), or other proprietary information as "confidential" which designation shall make such items and all copies, prints, summaries, or other reproductions thereof subject to this Order (hereinafter referred to as "confidential information").

2. If any party objects to the designation of material as "confidential," such party may, in writing, request that the Producing Party remove the designation (the "Written Objection"). The Written Objection shall specifically identify the information or Documents at issue. The Producing Party, through its counsel, shall respond in writing within five (5) court days of receipt of the Written Objection, or within such period of time as may be agreed between the parties. If the Producing Party refuses to remove its challenged designation, its written response to the Written Objection shall state the reasons for this refusal. Within five (5) court days of the receipt of the Producing Party's written response to the Written Objection, the parties shall meet and confer in an attempt to resolve the dispute concerning the designation. If the parties are unable to resolve such dispute, the objecting party may file a motion with the Court no later than five (5) court days after such conference challenging the propriety of the designation in dispute.

3. The use of said confidential information by counsel in this litigation shall be strictly limited to use in this case alone, and shall be subject to all of the terms of this Order.

4. To the extent that such confidential information may in the future be used in the taking of depositions, it shall remain subject to the provisions of this protective order, and so also shall the transcript pages of the deposition testimony dealing with or relating to said confidential information.

5. Unless such information ceases to be secret and confidential other than by violation of this agreement, each party – and counsel for each party -- shall maintain all said confidential information as strictly confidential and shall not disclose information therein to any person other than: (1) the parties to this action; (2) employees of counsel's law firm or other representatives who are assisting counsel in the preparation and prosecution of this action; (3) witnesses (whether lay or expert) as necessary for their testimony, on condition that all such

persons be advised of this Order and agree to its terms in advance of such disclosure (attached form); (4) at the trial of this litigation; and (5) the Court.

6. If a brief, pleading or other filing with the Court references confidential information, such information shall be appropriately labeled on the cover page. The parties shall confer whether the confidential information should be filed under seal and take the appropriate steps, if it is so determined. Notwithstanding the foregoing, if the confidential information is personal or medical information and it is referenced in a manner that does not disclose an individual's identity (such as by redacting names and/or referring to such individual by pseudonym), such information need not be filed under seal.

7. The terms of this Order shall remain fully effective as to all such confidential information until modified or released either by a court order or by the written consent of the parties. At the conclusion of this case, including any appeal, all confidential information and copies thereof shall be returned to opposing counsel of record. Provided, however, that as to any work product of counsel of record falling within the description in the preceding sentence, counsel of record shall have the option of destroying such work product, as long as such counsel promptly thereafter provides counsel of record for the opposing party with his or her Affidavit attesting to the destruction of all such materials, or of agreeing to keep such work product confidential.

8. By agreeing to this Order and obtaining the material produced, the parties hereto do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party. Nothing in this Order shall be deemed to preclude the admission into evidence in this case of confidential information and the parties herein have reserved all rights to seek admission into evidence in this case of confidential

information or to object to the admissibility of such material. The burden of proving confidentiality is on the party seeking protection.

STIPULATED AND AGREED this 9th day of May, 2006:

                                        FOX ROTHSCHILD LLP

                                        By:  /s/ Francis G.X. Pileggi

*Of counsel:*                          Francis G.X. Pileggi (I.D. # 2624)
DAVID A. CAMPBELL             Citizens Bank Center
*Admitted pro hac vice*             919 North Market Street
LORI L. FAUVIE                   Suite 1300, 13th Floor
*Admitted pro hac vice*             Wilmington, DE 19801-2323
Vorys, Sater, Seymour and Pease LLP    Telephone: 302-655-3667
2100 One Cleveland Center          Fax: 302-656-8920
1375 East Ninth Street              fpileggi@foxrothschild.com
Cleveland, Ohio 44114
Telephone: 216-479-6100
Fax: 216-479-6060
dacampbell@vssp.com
llfauvie@vssp.com

                                        ABER, GOLDLUST, BAKER & OVER

                                        By:  /s/ Gary Aber

*Of counsel:*                          Gary Aber (I.D. # 754)
James C. Bailey                   702 King Street
Jason H. Ehrenberg              P.O. Box 1675
Bailey & Ehrenberg PLLC         Wilmington, DE 19899
1155 Connecticut Avenue NW      Telephone: 866-826-4950
Suite 1100                         Fax: 302-472-4920
Washington, D.C.                gaber@gablawde.com
Telephone: 202-787-3869
Fax: 202-318-7071
jcb@becounsel.com

                                        SO ORDERED:

                                        _____
                                        HONORABLE GREGORY M. SLEET

Dated: _____, 2006

4

WM1A 78768v1 05/09/06

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULA PAGONAKIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-027 GMS |
| | ) |
| EXPRESS, LLC, a/k/a | ) |
| LIMITED BRANDS, INC., | ) |
| | ) |
| Defendant. | ) |

### REVISED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

In consideration of the disclosure to me of certain information which is subject to a Protective Order, I agree as follows:

1.  I have read the Protective Order governing the confidentiality of information produced in this litigation and I agree to be bound by its terms.

2.  I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material – including copies, notes or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. Such Confidential Information shall be used for purposes of this litigation only.

3.  I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Date: _____     Signature: _____

                          Name: _____

                          Address: _____

                                   _____

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2006, I electronically filed the **REVISED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Wilmington Delaware 19801

                                          /s/ Francis G.X. Pileggi
                                        Francis G.X. Pileggi (No. 2624)