### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-027 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EXPRESS, LLC, a/k/a/ | ) | |
| LIMITED BRANDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' INITIAL DISCLOSURES

Plaintiff Paula Pagonakis hereby makes the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff reserves the right to supplement or amend these initial disclosures at any time.

**A.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE IN SUPPORT OF THEIR CLAIMS.**

1. Plaintiff Paula Pagonakis

    Can be contacted through counsel for Plaintiff

    Plaintiff has knowledge of the true reason for her termination from Defendant as well as the disfavorable treatment to which she was subjected by Defendant and its employees and agents. Plaintiff also has knowledge of the emotional, physical and financial damages she has suffered as a result of Defendant's illegal job discrimination, retaliation and harassment.

2. Representatives from the EEOC's Philadelphia District Office

    These individuals can testify as to the timeliness of Plaintiff's filing of her Complaint in this action.

3.   Robert Pavior, L.C.S.W.

   175 South Pantops Drive
   Charlottsville, VA 22911

   Plaintiff's current treatingh therapist.  Ms. Pavior has information re the emotional effects of Defendant's discriminatory and harassing treatment had on Plaintiff as well as Plantiff's efforts to overcome these effects and reenter the workforce.

4.   Rene Badillo, M.D.

   2600 Glasgow Medical Center
   Newark DE

   This individual treated Plaintiff during her employment with Defendant and is the individual who placed Plaintiff on medical leave while Plaintiff was employed by Defendant.  This individual has knowledge of Plaintiff's medical conditions both prior to and during her employment with Defendant, including knowledge regarding Plaintiff's need for reasonable accommodations in the workplace. and Plaintiff's medical and psychological conditions and damages both during and after Plaintiff's employment with Defendant – that were caused by Defendant's treatment of Plaintiff.


5.   Michael J. Delahanty, D.O.

   Edwin Shaw Rehabilitation Center
   1621 Flickinger Road
   Akron, OH  44312

   This individual oversaw Plaintiff's recovery and therapy from her accident from approximately April 1996 through the end of Plaintiff's therapy and has information regarding Plaintiff's need for reasonable accommodations in the workplace.

6.   Cindy Kowalczyk

   Delaware Department of Labor
   Division of Vocational Rehabilitation
   Approquinimink State Service Center
   Middletown, DE  19709

   Plaintiff's case manager during Plaintiff's employment with Defendant.  This individual has information with regard to Plaintiff's need for reasonable accommodations in the workplace.

7. Tara Kessler

   Can be contacted through Defendant. Defendant in possession of last known address and phone number.

   Ms. Kessler is a current or former employee of Defendant and has knowledge regarding Defendant's refusal to provide Plaintiff with a reasonable accommodation in November 2003. Ms. Kessler also has knowledge regarding Plaintiff's attempts to provide medical documentation supporting her need for an accommodation to Defendant, and Defendant's refusal to accept that documentation.

8. Ana Klancic

   Can be contacted through Defendant. Defendant in possession of last known address and phone number.

   Ms. Klancic is a former employee of Defendant and was one of Plaintiff's first line supervisors. Ms. Klancic has information with regard to Plaintiff's need for reasonable accommodations in the workplace, as well as Plaintiff's more than satisfactory job performance.

9. Kristin Bosley

   Can be contacted through Defendant. Defendant in possession of last known address and phone number.

   Ms. Bosley is a current or former employee of Defendant and has information regarding Defendant's disparate and harassing treatment of Plaintiff.

10. Emily (last name unknown)

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Emily is one of the individuals from Defendant's Human Resources Defendant with whom Plaintiff spoke about her need for reasonable accommodations.

11. Elise O'Neil

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. O'Neil is a current or former employee of Defendant and has information regarding Defendant's disparate and harassing treatment of Plaintiff.

12. Justin Vye

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Mr. Vye is a current or former employee of Defendant and has information regarding Defendant's disparate and harassing treatment of Plaintiff.

13. Donna Adams

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Adams is a current or former employee of Defendant and has information regarding Defendant's disparate and harassing treatment of Plaintiff.

14. Jennifer Hinkle

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Hinkle is a current or former employee of Defendant and has information regarding Defendant's policies and practices with regard to the Americans with Disabilities Act.

15. Jessica Longest

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Longest is a current or former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

16. Otis Nelson III

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Mr. Nelson is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

17. Daria Carpenter

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Carpenter is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

18. Kathy Crain Ware

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Mr. NelsoMs. Ware is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

19. Rita Whittington

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Whittington is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

20. Melanie Beaudet

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Beaudet is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

21. Kristin Nau

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Nau is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

22. Allison Boulware

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Boulware is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

23. Ericha Guzzetti

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Guzzetti is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

24. Brittany Sellers

    Can be contacted through Defendant. Defendant in possession of last known address and phone number.

    Ms. Sellers is a former employee of Defendant and has knowledge of Defendant's disparate treatment of Plaintiff and Defendant's harassment of Plaintiff, both on account of Plaintiff's disability.

B. **DESCRIPTION OF DOCUMENTS, DATA COMPLILATIONS AND TANGIBLE THINGS THAT ARE IN THE CUSTODY OR CONTROL OF PLAINTIFF AND THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS.**

All of the documents identified below are either in the possession of Plaintiff and/or her counsel, or in the possession of Defendant:

1. All documents, data compilations and tangible things listed in Defendant's initial disclosures.

2. Correspondence and electronic mail between the parties.

3. Plaintiff's typewritten journal/notes of relevant events.

4. EEOC files.

5. Defendant's employee handbook.

6. Defendant's personnel and equal employment policies.

7.  Defendant's policies and procedures regarding the provision of reasonable accommodations to disabled individuals.

8.  Defendant's performance reviews of Plaintiff.

9.  Information regarding Plaintiff's eligibility to participate in, and participation in Defendant's Stock Purchase Plan.

10. Data with regard to the disability status of Defendant's current and former workforce.

11. Data regarding similar complaints of harassment and/or discrimination made against Defendant by current, former or prospective employees of Defendant.

12. Plaintiff's tax returns.

13. Documentation of Plaintiff's post-termination job searches.

14. Documentation of Plaintiff's post-termination mental and physical therapy and medical reports.

15. Plaintiff's medical records pertaining to her status as a qualified individual with a disability as a result of traumatic brain injury and inner ear damage resulting in vestibular disability, delayed processing, functional vision problems, short term memory loss, hyperprocessing, soft tissue damage, difficulty with vision (focus and depth perception), balance problems, mapping skills, and sleeping problems.

16. Plaintiffs medical records pertaining to her need for reasonable accommodations in the workplace.

C.  **CALCULATION OF DAMAGES CLAIMED BY PLAINTIFF**

1.  Lost wages (taking into account differences in salary, bonus and benefits, including time prior to present jobs) (to be determined).

2.  Two years of salary with benefits (including full health and life insurance coverage).

3.  Damages for mental anguish and emotional suffering (to be determined).

4.  Liquidated Damages in amount equal to lost wages.

5.  Compensatory damages in an unliquidated amount.

6.  Punitive damages to the extent allowed by applicable law.

    7.    Attorneys fees and costs.

**D.    INSURANCE**

Not applicable.

**E.    RESERVATION OF RIGHTS**

Plaintiff reserves the right to update and amend these Initial Disclosures if and when additional information becomes available.

Dated: May 30, 2006                            Respectfully submitted,

                                                              /s/ Gary W. Aber
Gary W. Aber (DE # 754)
Aber, Golust, Baker & Over
702 King Street
P.O. Box 1675
Wilmington, DE 19899
Tel: (866) 826-4950
Fax: (302) 472-4920
gaber@gablawde.com

**Of counsel:**

James C. Bailey
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel: (202) 787-3869
Fax: (202) 318-7071
jcb@becounsel.com