LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

(302) 472-4900
TELECOPIER (302) 472-4920

October 31, 2006

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King Street
Lockbox 19
Wilmington, DE  19801

Re:    *Pagonakis v. Express LLC*, Case No. 06-027 (GMS)

Dear Judge Sleet:

In anticipation of the discovery conference scheduled for November 2, 2006 at 11:30 a.m. in the above-captioned matter, Plaintiff Paula Pagonakis submits the following items to be presented to the Court:

**Plaintiff's Issues:**

Plaintiff served Defendant with her First Set of Requests for the Production of Documents and First Set of Interrogatories in early July 2006.  Defendant subsequently requested, and Plaintiff allowed, several extensions in time for Defendant to respond to the discovery requests.  Defendant subsequently sought, and Plaintiff consented to, an extension of the discovery period.  Defendant did not respond to Plaintiff's discovery requests until October 24, 2006.  When Defendant finally did respond, its responses were inadequate.

1.    Defendant's failure to provide dates for depositions of defense witnesses.

On October 3, 2006, pursuant to prior discussions between the parties, Plaintiff provided Defendant with the names of several witnesses that Plaintiff intended to depose and asked that Defendant provide dates of availability for these witnesses.  As of the date of this letter, Defendant has not provided Plaintiff with any dates for these depositions.  This is especially troubling given that Defendant informed Plaintiff for the first time during the parties' telephonic meet and confer conference on October 27, 2006, that several of the witnesses are no longer in the employ of Defendant (thereby depriving Plaintiff of the opportunity to subpoena these

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
October 31, 2006
Page 2

witnesses for deposition).  Defendant had previously asserted in its Initial Disclosures (on May 31, 2006) that these witnesses were employed by Defendant as managers and, therefore, Defendant "objects to any *ex parte* contact of such individuals by counsel for Plaintiff.  Any such contact may be arranged through counsel for Express."  Defendant's actions and inactions have caused undue delay in the taking of these depositions.

     2.     Defendant's failure to produce documents in response to Plaintiff's First Set of Requests for Production of Documents to Defendant.

     Defendant has not produced documents responsive to Plaintiff's Request for Production Nos. 2, 3, 7, 8, 9, 10, 11, 15, 16, 17, 18, 21, 22, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37 and 38 (i.e., Defendant has not produced documents in response to approximately two thirds of Plaintiff's requests).  Defendant has only turned over approximately eighty pages of documents, more than half of which make up an employee handbook.  Moreover, although Defendant listed "Plaintiff's personnel file" in its Initial Disclosures, Defendant has not turned over that file.  Counsel for Defendant stated during the October 27, 2006 meet and confer that counsel has produced everything Defendant provided to counsel.  Plaintiff is concerned that additional responsive documents exist, are in Defendant's possession, custody and control, and have not been produced to Plaintiff.

     3.     Defendant's failure to respond adequately to Plaintiff's First Set of Interrogatories to Defendant.

     During the October 27, 2006 meet and confer, the parties discussed the following issues with regard to Defendant's objections and responses to several interrogatories set forth in Plaintiff's First set of Interrogatories to Defendant.  Although the parties were able to resolve a few of the issues raised by Plaintiff, they were unable to reach agreement with regard to two interrogatories, as set forth below:

     (a)     <u>Interrogatory No. 3</u> requests that Defendant identify other employees who complained of disability discrimination or harassment.  Defendant objected on the basis that the request was "not relevant, overbroad, unduly burdensome, and protected by the attorney-client privilege and work product doctrine."  Defendant did not otherwise respond to this request.  Although Plaintiff agreed to limit the scope of this request to some extent, Defendant did not agree to respond to the request.

     (b)     <u>Interrogatory No. 5</u> requests that Defendant identify each court or administrative complaint filed against Defendant alleging wrongful termination or employment discrimination during the past five years.  Defendant objected on the basis that the information sought is "not relevant, overly broad, unduly burdensome, and protected by the attorney-client privilege and work product doctrine."  Defendant did not otherwise respond to this request.

The Honorable Gregory M. Sleet
U.S. District Court, District of Delaware
October 31, 2006
Page 3

Although Plaintiff agreed to limit the scope of this request to some extent, Defendant did not agree to respond to the request.

                        Very truly yours,

                        /s/ Gary W. Aber

                        Gary W. Aber (DSB #754)

cc: Francis G.X. Pileggi, Esquire