

**Fox Rothschild LLP**
ATTORNEYS AT LAW

Citizens Bank Center, Suite 1300
919 North Market Street
P.O. Box 2323
Wilmington, DE 19899-2323
Tel 302.654.7444  Fax 302.656.8920
www.foxrothschild.com

Sheldon K. Rennie
Direct Dial: (302) 622-4202
Email Address: srennie@foxrothschild.com

October 31, 2006

**_VIA ELECTRONIC FILING_**

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King Street
Lockbox 19
Wilmington, DE 19801

Re:   **_Pagonakis v. Express LLC_**
      **_Case No. 06-027 (GMS)_**

Dear Judge Sleet:

In anticipation of the discovery conference scheduled for November 2, 2006 at 11:30 a.m. in the above-captioned matter, Defendant Express LLC ("Defendant") submits the following response to Plaintiff's letter of October 31, 2006 (Plaintiff simply submitted her own letter without first sending a copy to Defendant for review).

Initially, Defendant is surprised by Plaintiff's decision to involve the Court in these matters. On Thursday, October 26, 2006 at 5:00 p.m., counsel for the parties spoke over the phone regarding the issues addressed in Plaintiff's letter. At that time, Plaintiff's counsel advised Defendant's counsel that they had already initiated contact with the Court. Although Defendant's counsel expressed displeasure over the fact that Plaintiff's counsel had failed to meet and confer before Court involvement, the parties nonetheless partook in extensive discussions regarding the discovery issues set forth in Plaintiff's letter of October 31, 2006. *All issues were resolved*, except for one legal issue relating to Plaintiff's request for employee complaints, charges, and lawsuits alleging harassment and disability discrimination (Interrogatories 3 and 5). Accordingly, Defendant's counsel understood that the conference with the Court would be cancelled.



**Fox Rothschild** LLP
ATTORNEYS AT LAW

The Honorable Gregory M. Sleet
October 31, 2006
Page 2

The next contact with Plaintiff's counsel was notice that the conference with the Court had not been cancelled and that this letter needed to be submitted today. Needless to say, Defendant does not believe that Plaintiff has properly met and conferred on these issues and Defendant believes that Court involvement is unnecessary at this time. Each of the issues set forth in Plaintiff's letter will be addressed,

1. **Dates for Depositions.**

The parties extensively discussed the deposition schedule during the conference call on October 26, 2006 and these issues were resolved. Counsel agreed to take Plaintiff's deposition first and then follow-up with the depositions of Defendant's current and former employees. Plaintiff's counsel was advised that Defendant's counsel would contact the former employees and seek to make them available for deposition on a mutually agreeable date and time. Plaintiff's counsel did not object to this process and Plaintiff's counsel did not mention subpoenas.

Defendant's counsel is contacting the requested deponents pursuant to the parties' agreement and available deposition dates will be provided this week. Any time requirements as to subpoenas will be waived by Defendant.

2. **Document Requests.**

This issue was also thoroughly discussed amongst counsel. Defendant's counsel made clear that all documents in possession of counsel, except for privileged documents, have been produced. Defendant also informed Plaintiff's counsel that the only additional documents are a job description and Plaintiff's personnel file which were being gathered by the client. Defendant's counsel represented that these documents would be produced immediately once located by the client. As of the date of the conference call, Defendant's counsel understood that issues relating to document requests were remedied and there was no need for Court involvement.

3. **Interrogatory Requests.**

Plaintiff does concede that the meet and confer phone conference resolved all interrogatory issues except for interrogatory numbers 3 and 5. As to these interrogatories, Plaintiff refused to provide legal authorities for her broad requests. In fact, even in the letter to this Court, Plaintiff has yet to produce any legal authorities.

Defendant's research has found the following. First, no court decision in the Third Circuit has required the production of information relating to complaints involving non-parties that did not evolve into charges or lawsuits. Second, no court decision has required the production of information relating

WM1A 88145v1 10/31/06



**Fox Rothschild** LLP
ATTORNEYS AT LAW

The Honorable Gregory M. Sleet
October 31, 2006
Page 3

to legal claims not asserted by a Plaintiff. Accordingly, Interrogatory Number 3 is clearly inappropriate and Defendant stands by its objection.

As to Interrogatory Number 5, Express is a large, nationwide company and the request is seeking charges and lawsuits filed over the past five years on a nationwide basis. In addition, Plaintiff is not alleging harassment, but rather disability discrimination and FMLA retaliation. Next, those employees similarly situated to Plaintiff would be other managers employed in Plaintiff's former store located in Delaware. Accordingly, based on Defendant's research, the request as crafted is clearly overbroad and inappropriate. Nonetheless, Defendant is interested in resolving this matter without the need for briefing. Plaintiff alluded to a proposed, modified request in correspondence sent on Monday, October 30, 2006 and Defendant has requested the same, but it has not yet been provided. Once it has been provided, Defendant's counsel will review and respond to Plaintiff's counsel.

In sum, Defendant does not believe that Court involvement in this matter is necessary. Counsel met, conferred and agreed on a discovery plan. Accordingly, Defendant requests that the conference call scheduled for Thursday be cancelled and Plaintiff's counsel directed to comply with the agreements reached with Defendant.

Respectfully,

*/s/ Sheldon K. Rennie (#3772)*

Sheldon K. Rennie
SKR/mlr

cc:   Gary W. Aber, Esquire
      David A. Campbell, Esquire
      Francis G.X. Pileggi, Esquire