IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-027 (SLR) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EXPRESS, LLC, a/k/a/ | ) | |
| LIMITED BRANDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S FIRST MOTION TO COMPEL**

Plaintiff Paula Pagonakis ("Plaintiff"), by counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the United States District Court for the District of Delaware, hereby moves the Court for an order (1) compelling Defendant Express, LLC ("Defendant") to provide responses to Plaintiff's First Set of Interrogatories, and (2) compelling Defendant to provide responsive documents to Plaintiff's First Set of Requests for Production of Documents.  As set forth below, the discovery Plaintiff seeks is plainly relevant to the claims and defenses of the parties and Defendant should be compelled to produce responsive documents and information immediately.

**I.    Background**

Plaintiff initiated this action by filing her three-count Complaint on January 13, 2006.  At Counts I and II of the Complaint, Plaintiff asserts claims for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12001, et seq. ("ADA").  At Count III of the Complaint, Plaintiff asserts a claim for retaliation under

the Family and Medical Leave Act, 26 U.S.C. § 2601, *et seq*. ("FMLA"). *See* Docket Entry No. 1. Defendant answered the Complaint on February 21, 2006. *See* Docket Entry No. 3.

Plaintiff served her First Set of Requests for Production of Documents and First Set of Interrogatories (the "Discovery Requests") to Defendant on July 14, 2006. *See* Docket Entry Nos. 18 and 19. After Defendant failed to timely respond to the Discovery Requests, the parties stipulated to continue to discovery deadline in this case from October 10, 2006 until December 1, 2006. *See* Docket Entry No. 21 and September 26, 2006 Order of the Court.

Defendant subsequently responded to the Discovery Requests. However, Defendant failed to respond to several of the Discovery Requests. After the parties were unable to resolve the discovery disputes in spite of their efforts to meet and confer via telephone and in writing, the Court set a discovery teleconference and the parties submitted letters regarding their respective issues for the discovery conference. *See* Docket Entry Nos. 22, 23, 24, and 26. The Court held a telephone conference to resolve the parties' discovery disputes on November 2, 2006. The Court did not resolve the discovery disputes during the November 2, 2006 conference, but ordered the parties to resolve the discovery matters on their own. *See* Docket Entry 27 (notes of teleconference held on November 2, 2006 before Hon. Gregory M. Sleet).

The case was reassigned to the Hon. Sue L. Robinson on November 22, 2006. Shortly thereafter, the parties once again stipulated to extend the discovery deadline – this time until March 1, 2007. Although the parties have subsequently resolved some of their discovery disputes in the intervening three months, there still exist genuine disputes as to

several of the Discovery Requests. At this point, Plaintiff has exhausted all alternative means to resolve these disputes and, as noted below, Defendant has left Plaintiff with no choice but to move to compel responses to the Discovery Requests noted below.

**II.     Argument**

    **A.     The Discovery Requests in Dispute**

By this Motion, Plaintiff seeks to have the Court compel Defendant to respond to four Requests for Production of Documents and two Interrogatories. The discovery Plaintiff seeks -- and that Defendant has now failed to provide for **seven months** – consists of other complaints of disability and FMLA discrimination made against Defendant (subject to reasonable geographical and temporal limitations) and the personnel files of Plaintiff's direct supervisors.

To date, Defendant has not provided *any* documentation in response to the following Requests for Production of Documents:

Request for Production No. 2: All documents relating to any formal or informal charges, grievances, or complaints, whether oral or written, of disability discrimination, including claims of a hostile work environment or disfavorable treatment, against Defendant from January 1, 2002 to the present.

[*Plaintiff has agreed to limit the temporal and geographic scope of this request to the time period 2002 through 2004 and the geographic areas for which Plaintiff's supervisors were responsible.*]

Request for Production No. 3: All documents relating to any formal or information charges, grievances, or complaints, whether oral or written of discrimination or retaliation in violation of the Family and Medical Leave Act.

[*Plaintiff has agreed to limit the temporal and geographic scope of this request to the time period 2002 through 2004 and the geographic areas for which Plaintiff's supervisors were responsible.*]

Request for Production No. 29: All documents consisting of charges, grievances, or complaints of disability discrimination against you from January 1, 2002 to the present.

[*Plaintiff has agreed to limit the temporal and geographic scope of this request to the time period 2002 through 2004 and the geographic areas for which Plaintiff's supervisors were responsible.*]

Request for Production No. 38: Complete personnel and/or employment files for the following individuals:

    (a)    Tara Kessler
    (b)    Ana Klancic
    (c)    Kristin Bosley
    (d)    Elise O'Neil

Similarly, to date, Defendant has not provided *any* response to the following Interrogatories:

Interrogatory No. 3: Identify each employee or other person who made a complaint of disability discrimination or harassment in any form, whether written or oral, formal or informal, against Defendant for the time period beginning January 1, 2002 to the present. For each employee or other person identified, describe in detail the allegations made in the complaint and identify each person with knowledge of the facts and/or allegations stated in the complaint.

[*Plaintiff has agreed to limit the temporal and geographic scope of this request to the time period 2002 through 2004 and the geographic areas for which Plaintiff's supervisors were responsible.*]

Interrogatory No. 5: Identify each court complaint or administrative complaint filed against you alleging wrongful termination or employment discrimination of any form, during the past five years, indicating the identity of the plaintiff or complainant, where the claim was filed and the docket number, and the resolution of the claim.

[*Plaintiff has agreed to limit the temporal and geographic scope of this request to the time period 2002 through 2004 and the geographic areas for which Plaintiff's supervisors were responsible.*]

### B.    Defendant's Objections and Failure to Respond

Defendant initially objected to Request for Production Nos. 2, 3 and 29, and Interrogatory Nos. 3 and 5, on the grounds that the requests were "vague and ambiguous," "overly broad, unduly burdensome," and on the ground that the requests "seek information that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and which is protected by the attorney-client and work product doctrine." Although Plaintiff has agreed to narrow the geographic and temporal scope of Request for Production Nos. 2, 3 and 29, and Interrogatory Nos. 3 and 5, Defendant still has not produced responsive documentation or other information.

Defendant objected to Plaintiff's request for personnel files for her supervisors and a co-worker, found at Request for Production No. 38, on the ground that the information "unduly seeks confidential employee information," on the ground that the individuals had not been disciplined for disability discrimination," and on the ground that

the document request "seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence." To date, Defendant has refused to produce the requested personnel files.

### III.  Argument

Rule 26 of the Federal Rules of Civil Procedure states, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," and that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

With respect to the substance of Request for Production Nos. 2, 3, 29 and Interrogatory Nos. 3 and 5 (all seeking information regarding other complaints of disability and/or FMLA discrimination/retaliation made against Defendant), this Court has recognized that claims of disparate treatment, including failure to accommodate, of necessity require discovery of how others have been treated. *See*, *e.g.*, *Finch v. Hercules Inc.*, 149 F.R.D. 60 (D. Del. 1993) (citations omitted). This information is relevant to the issue of whether Defendant intentionally discriminated against Plaintiff, as well as to whether any reasons offered by Defendant for its actions vis-à-vis Plaintiff are pretextual. Plaintiff has agreed to limit her requests to a two-year time period and a reasonable geographic area. Defendant, in turn, has continued to refuse to provide *any* responsive documentation or information.

Plaintiff's Request for Production No. 38 seeks the personnel and/or employment files for four individuals – each of whom directly supervised and worked with Plaintiff and/or took part in the decision to deny Plaintiff reasonable accommodations in the

workplace. Plaintiff has also asserted that three of these individuals made disparaging comments about her disability status. With respect to the substance of this discovery request courts have recognized that claims of disparate treatment, including failure to accommodate, of necessity require discovery of how others have been treated. *See*, *e.g.*, *Finch v. Hercules Inc.*, 149 F.R.D. 60 (D. Del. 1993) (citations omitted). It may be that other employees or applicants for employment complained about discriminatory or harassing treatment on the part of these individuals. This information is relevant to the issue of whether Defendant intentionally discriminated against Plaintiff, whether Defendant properly trained Plaintiff's its employees to deal with the issues presented in the Complaint, and whether any reasons offered by Defendant for its actions vis-à-vis Plaintiff are pretextual. Courts have routinely found such information to be discoverable. *See*, *e.g.*, *Fox Martin v. H.J. Heinze Operations*, 2003 U.S. Dist. LEXIS 23571 (D. Kan. Dec. 19, 2003) (overruling defendant's objections and granting plaintiff's motion to compel fifteen personnel files) (citing cases); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) (noting that in employment discrimination litigation, in which plaintiffs are required to prove pretext, courts have customarily allowed wide discovery of personnel files) (citing cases); *Gaul v. ZEP Manufacturing Company, et al.*, Civ. No. 03-2439, 2004 U.S. Dist. LEXIS 1990 (E.D. Pa. Feb. 5, 2004) (ordering defendant to produce entire personnel files to plaintiff in Title VII case); *Marcarelli v. Delaware County Memorial Hospital, Inc.*, Civ. No. 86-1630, 1987 U.S. Dist. LEXIS 10320 (June 4, 1987) (finding personnel files of other employees in Title VII action were relevant and ordering defendant to turn over such files).

**IV.     Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendant to provide responses and responsive documentation to the Discovery Requests discussed herein.

Dated: February 23, 2007                                  Respectfully submitted,

*//s//*  *Gary W. Aber*
_____
Gary W. Aber (DE # 754)
Aber, Golust, Baker & Over
702 King Street
P.O. Box 1675
Wilmington, DE 19899
Tel:  (866) 826-4950
Fax:  (302) 472-4920
gaber@gablawde.com

**Of counsel:**

James C. Bailey*
Jason H. Ehrenberg*
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel:  (202) 787-3869
Fax:  (202) 318-7071
jcb@becounsel.com
jhe@becounsel.com

*  Admitted *pro hac vice*