IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| PAULA PAGONAKIS ) | |
| ) | |
| Plaintiff, ) | Case No. 06-027 (SLR) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| EXPRESS, LLC, a/k/a/ ) | |
| LIMITED BRANDS, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL

Plaintiff Paula Pagonakis ("Plaintiff"), by counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the United States District Court for the District of Delaware, hereby moves the Court for an order (1) compelling Defendant Express, LLC ("Defendant") to produce for deposition a Fed. R. Civ. P. Rule 30(b)(6) corporate designee, and (2) compelling Defendant to provide contact information for, or produce for deposition, a former managerial employee of Defendant.

**I.  Background**

Plaintiff respectfully refers the Court to Plaintiff's First Motion to Compel, filed with the Court on February 23, 2007 (*see* Docket Numbers 38 and 39), for the general background of this matter. As noted in Plaintiff's First Motion to Compel, the discovery period in this case has been extended several times due to Defendant's failure to comply with its discovery obligations. Discovery is now set to close on March 1, 2007.

**II.    Argument**

    **A.    Defendant's Failure to Produce Kristyn Bosley**

Defendant served Plaintiff with its Initial Disclosures on May 31, 2006. In its Initial Disclosures, Defendant identified Kristyn Bosley as an individual with "[k]nowledge of the business practices, policies and procedures at Express, Plaintiff's employment history, including facts leading up to Plaintiff's resignation, and Defendant's responses to the Complaint." Defendant further stated in its Initial Disclosures that Ms. Bosley was a manager of Express and, therefore, Defendant "objects to any *ex parte* contact of such individuals by counsel for Plaintiff" and stated that "[a]ny such contact may be arranged through counsel for Express."

Ms. Bosley was Plaintiff's direct supervisor at all times relevant to the instant litigation. Plaintiff has alleged that Ms. Bosley failed to accommodate Plaintiff's known disabilities and that Ms. Bosley otherwise discriminated against Plaintiff. Ms. Bosley, therefore, is a key witness. To date, Defendant has not agreed to produce Ms. Bosley for deposition. Nor has Defendant provided Plaintiff with correct contact information for Ms. Bosley – even though it became apparent during the deposition of another defense witness last week that Defendant is in possession of this information. Accordingly, to date, Plaintiff has been unable to ascertain whether Ms. Bosley will voluntarily appear for deposition. Plaintiff also has been unable to subpoena Ms. Bosley for deposition (although Plaintiff has made diligent efforts to locate Ms. Bosley independently, Plaintiff has not been able to locate Ms. Bosley).

Based on the above, Plaintiff requests that the Court either: (1) compel Defendant to produce Ms. Bosley for deposition; (2) compel Defendant to produce Ms. Bosley's

current contact information (so that Plaintiff can subpoena Ms. Bosley for deposition); or (3) prohibit Defendant from calling Ms. Bosley as a witness at trial and/or prohibit Defendant from using any statements/declarations/affidavits from Ms. Bosley in support of any motion for summary judgment.

### B. Defendant's Failure to Produce a Rule 30(b)(6) Witness

Although Plaintiff served Defendant with a Rule 30(b)(6) deposition notice several months ago, and although Plaintiff agreed – at Defendant's insistence – to a very narrow set of deposition topics for the Rule 30(b)(6) deposition, Defendant has not agreed to produce a Rule 30(b)(6) witness for deposition. Plaintiff requests that the Court compel Defendant to produce a Rule 30(b)(6) witness for deposition.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief requested herein.

Dated: March 1, 2007         Respectfully submitted,

                             *//s//  Gary W. Aber*
                             _____
                             Gary W. Aber (DE # 754)
                             Aber, Golust, Baker & Over
                             702 King Street
                             P.O. Box 1675
                             Wilmington, DE 19899
                             Tel: (866) 826-4950
                             Fax: (302) 472-4920
                             gaber@gablawde.com

        **Of counsel:**

        James C. Bailey*
        Jason H. Ehrenberg*
        BAILEY & EHRENBERG PLLC
        1155 Connecticut Avenue NW
        Suite 1100
        Washington, D.C. 20036
        Tel:  (202) 787-3869
        Fax:  (202) 318-7071
        jcb@becounsel.com
        jhe@becounsel.com

\*  Admitted *pro hac vice*