## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-027 SLR |
| | ) | |
| EXPRESS, LLC, a/k/a | ) | |
| LIMITED BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT EXPRESS, LLC'S OPPOSITION
### TO PLAINTIFF'S FIRST MOTION TO COMPEL

## I. INTRODUCTION

Defendant Express, LLC ("Express" or "Defendant") is surprised by Plaintiff's First Motion to Compel. The parties have been diligently trying to resolve all outstanding discovery disputes. In fact, the parties reached agreement on the two issues raised in Plaintiff's motion. Despite these agreements, Plaintiff nonetheless filed this Motion to Compel. As set forth below, Defendant has sound legal authority to support the limitations agreed upon by the parties. Defendant is willing to comply with the agreements reached between the parties. Accordingly, Plaintiff's First Motion to Compel should be denied.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff's Motion to Compel raises two issues: (1) that Defendant refuses to provide information of "other complaints of disability and FMLA discrimination", and (2) that Defendant failed to provide the "personnel files of Plaintiff's direct supervisors." Plaintiff's First Motion to Compel ("Motion to Compel"), p. 3. As the factual background set forth below demonstrates, both of Plaintiff's issues are moot as the parties reached agreement on them.

**A. Plaintiff's Request for Other Complaints of Disability and FMLA Discrimination.**

Contrary to Plaintiff's assertion, Defendant is not refusing to provide any information in response to Plaintiff's Document Request Nos. 2, 3 and 29, and Interrogatories Nos. 3 and 5. Plaintiff originally requested in Document Request Nos. 2, 3, and 29, and Interrogatories Nos. 3 and 5, nationwide information from Defendant concerning all formal and informal charges and complaints of disability and FMLA discrimination. See Motion to Compel, p. 3-4. Plaintiff does not dispute that Defendant had sound legal authority to support its objection to nationwide discovery.

The parties subsequently engaged in numerous discussions regarding the scope of these discovery requests. Attached as Exhibit 1 is email correspondence between counsel for Express and Plaintiff's counsel dated February 7, 2007 to March 5, 2007, which outlines the parties' on-going discussions. In the end, as the email correspondence confirms, the parties agreed to the limit the scope of these discovery requests to complaints of disability and FMLA discrimination the arose: (1) during the time frame of 2002 to 2004; and (2) in the geographical area for which the decision makers were responsible (specifically, to the states of Pennsylvania, Delaware, Maine, New York, New Jersey and Maryland).   See Plaintiff's email of February, 15, 2007. Express agreed to provide this information to Plaintiff, provided that the production of this information would resolve this discovery dispute. See Express' email of February 16, 2007 and March 2, 2007.  Plaintiff however refused to agree that production of this information would conclude this issue. Instead, Plaintiff requested that Defendant produce the agreed upon information, and after she reviewed the information, to seek more expansive discovery on this issue if she desired. See Plaintiff's email of February 15, 2007.

**B. Plaintiff's Request for the Personnel Files of Plaintiff's Supervisors.**

Plaintiff requested the personnel files of the following individuals: (1) Tara Kessler; (2) Ana Klancic; (3) Kristin Bosely; and (4) Elise O'Neil.[1]  See Motion to Compel, p. 4.  Counsel for Plaintiff and Express counsel discussed at length the production of those files during a telephone conversation in late 2006.  At that time, Plaintiff agreed that Defendant could produce a list of the disciplinary actions taken against these individuals rather than produce their entire personnel files.  See Correspondence from Counsel for Express to Plaintiff's Counsel dated January 26, 2007, attached as Exhibit 2.  In accordance with this agreement, Defendant provided this information to Plaintiff.  See Exhibit 2.  Subsequently, Plaintiff objected to this limitation. Defendant, in turn, provided Plaintiff with legal authorities supporting the agreed upon limitation.  See Correspondence from Counsel for Express to Plaintiff's Counsel dated January 26, 2007, attached as Exhibit 3.   Plaintiff still refused to comply with the parties' agreement to limit the scope of her request.  She instead continues to demand that Defendant produce the entire personnel file of these individuals. As set forth below, Plaintiff's request is not proper and should be denied.

## III.  LAW AND ARGUMENT

Although Rule 26(c) of the Federal Rules of Civil Procedure provides for a broad scope of discovery, the Court can limit discovery if the parties seek duplicative or cumulative information, had ample time to get the information, or the burden outweighs the benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue and the importance of the discovery in resolving the issue. U.S. v. Fed'n

---

[1] Not all of these individuals supervised Plaintiff.

3

of Physicians and Dentists, Inc., 63 F. Supp. 2d 475, 478 (D. Del. 1999). Here, the parties reached an agreement as to the two issues raised in Plaintiff's First Motion to Compel. Plaintiff's continued request to seek additional information, after reviewing the information produced, is improper, particularly in light of the agreement reached between the parties on these issues. Therefore, her Motion to Compel should be denied.

**A. The Parties Reached An Agreement Concerning The Discovery Of "Other Complaints Of Disability And FMLA Discrimination" And, Therefore, Plaintiff's Discovery Dispute On This Issue Is Moot.**

As detailed above, the discovery dispute over "other complaints of disability and FMLA discrimination" was resolved between the parties. Defendant is willing to produce information concerning "other complaints of disability and FMLA discrimination" subject to the temporal and geographical limitations the parties agreed upon, provided that this production would end the discovery dispute as to this issue. See Exhibit 1. Plaintiff however refuses to agree to this. Plaintiff's refusal is designed to allow her to review information produced by Defendant and, if that information is not what she hoped it would be, to expand the scope of her request. In other words, despite the agreement reached between the parties, Plaintiff wants to leave this discovery request open so that she may continue to fish for some information to support her claims. This is not proper under the law. Indeed, Rule 26(c) provides the Court with the discretion to end this exact type of discovery abuse. Accordingly, Plaintiff's Motion to Compel should be denied.

**B. Plaintiff's Request For The Entire Personnel Files Is Contrary To Case Law And Should Be Denied.**

Consistent with case law and the parties' prior agreement, Defendant provided to Plaintiff a list of disciplinary actions taken against Ms. Kessler, Ms. Klancic, Ms. Bosely and Ms. O'Neil

4

in lieu of producing their entire files.[2]  Plaintiff however now seeks the entire personnel files of these individuals.

Their entire personnel files are not relevant to the subject matter of the pending action. These individuals are not parties to this litigation and they have a privacy right in the content of their files.  Their files contain personal, financial and other confidential information.  Courts have routinely found that the entire content of a non-party's personnel file is not discoverable. See Chiaradonna v. Rosemont College, Civil Action No. 06-1015, 2006 WL 3742777, * 2 (E.D. Pa. Dec. 11, 2006) (refusing to require disclosure of the entire personnel files, finding that a synopsis of prior complaints made about and any prior disciplines was sufficient); Kanaji v. Philadelphia Child Guidance Ctr. Of Children's Hosp., No. Civ. A. 00-937, 2001 WL 708898, *4 (E.D. Pa. June 20, 2001) (finding that only the information concerning the decision to terminate plaintiff's employment was discoverable); Kresefky v. Panasonic Comm. and Sys. Co., 169 F.R.D. 54, 66 (D.N.J. 1996) (discovery of personnel files must be limited to the allegations in Plaintiff's complaint)[3].  Simply put, not only has Defendant complied with the agreement reached between the parties by providing Plaintiff with a synopsis of the disciplinary actions issued to the above-listed individuals, but Defendant's position is supported by the case law. Accordingly, the Court should deny Plaintiff's First Motion to Compel on this issue.

## IV.  CONCLUSION

For the foregoing reasons, Defendant request that the Court deny Plaintiff's Motion to Compel and, reflecting the agreements reached between the parties, enter an order: (1) limiting the scope of Document Request Nos. 2, 3 and 29, and Interrogatories Nos. 3 and 5 to formal

---

[2] Defendant is reviewing Ms. Klancic's personnel file and agreed to provide a list of any disciplinary action issued to her.
[3] The unreported cases cited herein are attached as Exhibit 4.

5

complaints and charges of disability and FMLA discrimination for the time period 2002-2004 and the geographical area of Pennsylvania, Delaware, Maine, New York, New Jersey and Maryland, and (2) limiting the scope of Document Request No. 38 to a list of the disciplinary actions issued to Ms. Kessler, Ms. Klancic, Ms. Bosely and Ms. O'Neil.

Respectfully Submitted,

**Fox ♦ Rothchild, LLP**

By:    /s/ Francis G.X. Pileggi
FRANCIS G.X. PILEGGI (#2624)
Citizens Bank Center, Suite 1300
919 North Market Street
P.O. Box 2323
Wilmington, Delaware 19899-2323
TELEPHONE: (302) 655-3667
FAX: (302) 656-8920
E-MAIL: fpileggi@foxrothschild.com


OF COUNSEL:

DAVID A. CAMPBELL (#0066494)
*Admitted pro hac vice*
LORI L. FAUVIE (#0076831)
*Admitted pro hac vice*
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 479-6100 (Telephone)
(216) 479-6060 (Facsimile)
dacampbell@vssp.com; llfauvie@vssp.com

Date: March 9, 2007

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2007, I electronically filed **DEFENDANT EXPRESS,**

**LLC'S OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL** with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following:


Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Wilmington Delaware 19801

_/s/ Francis G.X. Pileggi_____
Francis G.X. Pileggi (No. 2624)
