# EXHIBIT 1

Pagonakis                                                                    Page 1 of 2

## Fauvie, Lori L.

**From:**   Jason Ehrenberg [jhe@becounsel.com]
**Sent:**   Monday, March 05, 2007 10:23 AM
**To:**     Fauvie, Lori L.
**Cc:**     Campbell, David A.
**Subject:** RE: Pagonakis

Lori:

We can do the 30(b)(6) any day during the weeks of March 12, 2007 and/or March 19, 2007.  We will only need a morning or an afternoon (no more than three hours).

With regard to Document Request Nos. 2, 3 and 29 and Interrogatory Nos. 3 and 5, we are now past the close of discovery and Defendant still has not provided any responsive information.  At this point, we would strongly urge you to turn over whatever information you have.  We will leave the rest up to the Court.

Finally, Dave was supposed to get back to us last week (1) with Kristyn Bosley's current contact information, and (2) an answer as to whether Defendant would produce Ms. Bosley for deposition or whether Plaintiff should subpoena Ms. Bosley for deposition.

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C.  20036
T:  (202) 465-4729
F:  (202) 318-7071
E:  jhe@becounsel.com

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**From:** Fauvie, Lori L. [mailto:llfauvie@vssp.com]
**Sent:** Friday, March 02, 2007 9:54 AM
**To:** Jason Ehrenberg
**Cc:** Campbell, David A.
**Subject:** Pagonakis

03/07/2007

EXHIBIT

1

Dear Jason:

Both Dave and I have been traveling this past week with limited access to email and voice mail.  We received and reviewed your motion to compel, which was filed on Feb. 23rd.  We write regarding Document Request Nos. 2, 3 and 29 and Interrogatory Nos. 3 and 5.  To end the discovery dispute as to these requests, we will agree to provide you information regarding charges and complaints filed re: FMLA violations and disability discrimination for the time period of 2002 -2004 and for the geographical area for which Ms. Klancic and Ms. Kessler were responsible.  That area includes Pennsylvania, Delaware, New York, New Jersey and Maryland.  If this will end the discovery dispute as to these requests, we will provide you with this information on Monday, March 5, 2007. Please advise.

With respect to the 30(b)(6) deposition, we are checking for Ms. Rock's availability.  She has been out of the office.   What is your availability the last week of March?

I look forward to hearing from you.


Lori Fauvie

Lori L. Fauvie
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
Telephone: 216/479-6141
Facsimile: 216/937-3759
llfauvie@vssp.com


From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.


03/07/2007

**Fauvie, Lori L.**

| | |
|---|---|
| **From:** | Fauvie, Lori L. |
| **Sent:** | Friday, March 02, 2007 9:54 AM |
| **To:** | Jason Ehrenberg |
| **Cc:** | Campbell, David A. |
| **Subject:** | Pagonakis |

Dear Jason:

Both Dave and I have been traveling this past week with limited access to email and voice mail.   We received and reviewed your motion to compel, which was filed on Feb. 23rd.  We write regarding Document Request Nos. 2, 3 and 29 and Interrogatory Nos. 3 and 5.   To end the discovery dispute as to these requests, we will agree to provide you information regarding charges and complaints filed re: FMLA violations and disability discrimination for the time period of 2002 -2004 and for the geographical area for which Ms. Klancic and Ms. Kessler were responsible.  That area includes Pennsylvania, Delaware, New York, New Jersey and Maryland.  If this will end the discovery dispute as to these requests, we will provide you with this information on Monday, March 5, 2007.  Please advise.

With respect to the 30(b)(6) deposition, we are checking for Ms. Rock's availability.   She has been out of the office.   What is your availability the last week of March?

I look forward to hearing from you.


Lori Fauvie

Lori L. Fauvie
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
Telephone: 216/479-6141
Facsimile: 216/937-3759
llfauvie@vssp.com

1

## Fauvie, Lori L.

| | |
|---|---|
| **From:** | Jason Ehrenberg [jhe@becounsel.com] |
| **Sent:** | Friday, February 16, 2007 12:07 PM |
| **To:** | Fauvie, Lori L. |
| **Cc:** | Campbell, David A.; 'James Bailey'; 'Gary W. Aber'; jhe@becounsel.com |
| **Subject:** | RE: Pagonakis v. Express |

That is not what we agreed to. We have requested all formal and informal charges, grievances, etc. We are also seeking the information not only as to FMLA, but also as to the ADA. We will go ahead and prepare our motion to compel for filing early next week. Given that you have refused to turn over *any* responsive documents to date in response to these categories of documents and interrogatories, and continue to refuse to turn any such information over pending resolution of this matter, we likely will have to move for costs and sanctions as well.

I am in depositions for the rest of the day.

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 465-4729
F: (202) 318-7071
E: jhe@becounsel.com

====================================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
====================================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
====================================================================

**From:** Fauvie, Lori L. [mailto:llfauvie@vssp.com]
**Sent:** Friday, February 16, 2007 10:32 AM
**To:** Jason Ehrenberg
**Cc:** Campbell, David A.
**Subject:** RE: Pagonakis v. Express

Dear Jason:

It appears that we have reached an agreement on the substance of our response. We will produce information relating to any formal charges, grievances or complaints of disability discrimination and/or retaliation of the Family Medical Leave Act as requested in Interrogatories Nos. 3 and 5, and Document Requests 2, 3 and 29 for the period of 2002-2004 and Pennsylvania and Delaware.

03/08/2007

However, we want finality. We do not want to continue to dispute the scope of these requests. We want your agreement that this will end this issue. If this will end this issue, we will provide this information to you early next week. Let us know your position.

Thank you.

Lori


Lori L. Fauvie
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
Telephone: 216/479-6141
Facsimile: 216/937-3759
llfauvie@vssp.com

---

**From:** Jason Ehrenberg [mailto:jhe@becounsel.com]
**Sent:** Thursday, February 15, 2007 6:28 PM
**To:** Fauvie, Lori L.
**Subject:** RE: Pagonakis v. Express

Lori:

We are willing to agree to your limitations with the following caveats:

1.   With regard to time frame, we have no present objection to the 2002-2004 period.

2.   With regard to geographic scope, we have no present objection to the PA and DE limitation - assuming that PA and DE made up the entire region for which Ms. Kessler was responsible at the time Plaintiff's employment with Defendant ended. If Ms. Kessler was responsible for any other areas, it is our position that we are entitled to any complaints, charges, etc. from those additional areas as well.

Finally, we would note that Plaintiff is entitled to this information - and Defendant is correspondingly obligated to produce the information - independent of any written agreement reached by the parties' attorneys. We would therefore request that you forward the information Defendant has agreed to provide immediately (certainly prior to the depositions next week). We are not waiving our right to seek more expansive discovery on this issue, should we later come across information that leads us to believe such information would be relevant to the claims or defenses of the parties.

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 465-4729
F: (202) 318-7071
E: jhe@becounsel.com

---

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
══════════════════════════════════════════════════

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

══════════════════════════════════════════════════

**From:** Fauvie, Lori L. [mailto:llfauvie@vssp.com]
**Sent:** Monday, February 12, 2007 7:53 PM
**To:** Jason Ehrenberg
**Cc:** Campbell, David A.
**Subject:** RE: Pagonakis v. Express

Jason:

The time period was determined based upon your discovery request and Plaintiff's dates of employment. You requested information for the time period of Jan. 1, 2002 to present. Plaintiff resigned from her employment in March, 2004. In Finch v. Hercules Inc., 149 F.R.D. 60 (D. Del. 1993), the court concluded that a two year period of time prior to the plaintiff's dismissal was sufficient. Our limitation is therefore consistent with case law.

With respect to the geographical area, following Finch, we limited the geographical region to Ms. Klancic's district, which included Delaware and Pennsylvania.

Thank you.

Lori Fauvie

**From:** Jason Ehrenberg [mailto:jhe@becounsel.com]
**Sent:** Monday, February 12, 2007 10:04 AM
**To:** Fauvie, Lori L.
**Subject:** RE: Pagonakis v. Express

What is the basis for your 2002-2004 time and PA and DE geographic limitation? Without an explanation, the limitation appears to be arbitrary.

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 465-4729
F: (202) 318-7071

E: jhe@becounsel.com

==================================================================

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

==================================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

==================================================================

**From:** Fauvie, Lori L. [mailto:llfauvie@vssp.com]
**Sent:** Friday, February 09, 2007 10:22 AM
**To:** Jason Ehrenberg
**Cc:** Campbell, David A.
**Subject:** RE: Pagonakis v. Express

Dear Jason:

We have been working with you in good faith to resolve Plaintiff's issues with Defendant's responses to her First Set of Interrogatories and Request for Production of Documents (the "Discovery Requests") without involving the Court. We have been able to narrow Plaintiff's issues to this one outstanding issue -- the scope of Document Request Nos. 2 and 3, and Interrogatories Nos. 3 and 5. Rather than provide you information in a piecemeal fashion and have you continue to argue with us over the limitation, consistent with your prior emails, we propose limiting the scope of these discovery requests, to the time period of 2002-2004 and the geographical region of Delaware and Pennsylvania. If you agree that this limitation will resolve all outstanding issues with Defendant's responses to Plaintiff's Discovery Requests, we will provide you with this information on Monday morning. If this limitation is unacceptable to you, then this issue will have to be addressed through motion.

We look forward to hearing from you.

Thank you.

Lori Fauvie

**From:** Jason Ehrenberg [mailto:jhe@becounsel.com]
**Sent:** Thursday, February 08, 2007 3:50 PM
**To:** Fauvie, Lori L.
**Subject:** RE: Pagonakis v. Express

Lori:

Your message reflects what Defendant has been doing for the past several months – saying

that Defendant will agree to this or that but not producing *any* responsive documents or
information (with regard to the discovery requests at issue). You say that Defendant is not
refusing to produce responsive information, yet you have not provided *any* information in
response to these discovery requests – despite the fact that we served the requests **seven
months ago** (in July 2006). There is no need for another telephone conference followed up
by more written correspondence. Just let us know by the end of that day tomorrow what you
will be producing – if anything - and when you will be producing it. If we feel that Defendant
has improperly limited the production, we can take that up with the Court.

Jason

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 465-4729
F: (202) 318-7071
E: jhe@becounsel.com

=================================================================

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before
the Internal Revenue Service, any tax advice contained herein is not intended or
written to be used and cannot be used by a taxpayer for the purpose of avoiding tax
penalties that may be imposed on the taxpayer.

=================================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for
the exclusive use of the individual or entity to whom it is addressed and may contain
information that is proprietary, privileged, confidential and/or exempt from disclosure
under applicable law. If you are not the intended recipient, you are hereby notified
that any viewing, copying, disclosure or distribution of this information may be
subject to legal restriction or sanction. Please notify the sender, by electronic mail or
telephone, of any unintended recipients and delete the original message without
making any copies.

=================================================================

**From:** Fauvie, Lori L. [mailto:llfauvie@vssp.com]
**Sent:** Thursday, February 08, 2007 3:11 PM
**To:** Jason Ehrenberg
**Cc:** Campbell, David A.
**Subject:** RE: Pagonakis v. Express

Dear Jason:

Your email of February 7, 2007, once again, misstates our prior correspondence and fails to
recognize the agreements reached between the parties after several weeks of discussion.

First, with respect to Document Request Nos. 2 and 3, and Interrogatories Nos. 3 and 5, we
are not refusing to respond to these discovery requests. Rather, as you agreed to limit these
discovery requests, we are trying to determine what is the proper limitation. We believe there
is some confusion as to who made the decision to provide Plaintiff with her accommodations.
Ms. Kessler was not the individual that ultimately decided whether or not to provide
accommodations to Plaintiff. As stated in Ms. Hinkle's email to Plaintiff dated Dec. 29, 2003

(Express-Pag00039), Ana Klancic and the store manager were to determine if they could make the accommodations outlined by Plaintiff's doctor. Ms. Klancic's district changed over the years. We are willing to discuss with you a proper time frame and geographical region. To facilitate this process, we suggest a telephone conference call tomorrow morning, which we will follow up with written correspondence.

Second, with respect to the personnel files you requested, after thoroughly discussing the production of these files, you agreed that we could provide a list of the disciplinary actions issued to those individuals in lieu of producing the entire file. We complied with this request (absent the information from Ms. Klancic, which we agreed to produce to you shortly). Your continued request for these individual's entire personnel files is designed solely to harass, annoy and embarrass these individuals.

Please advise if you are available to discuss a proper limitation of Document Request Nos. 2 and 3, and Interrogatories Nos. 3 and 5 tomorrow morning. We can initiate the call. We are available anytime before 11 a.m.

Thank you.

Lori Fauvie

---

**From:** Jason Ehrenberg [mailto:jhe@becounsel.com]
**Sent:** Wednesday, February 07, 2007 9:44 AM
**To:** Fauvie, Lori L.
**Subject:** RE: Pagonakis v. Express

Lori:

We write today with regard to Defendants' continuing failure to provide documents and answers to Plaintiff's Document Request Nos. 2, 3 and 38, and Plaintiff's Interrogatory Nos. 3 and 5.

At the outset, we would note that we have more than met our meet and confer obligations with regard to the discovery issues discussed herein. We are confident that the record will demonstrate that we have been seeking this information for several months, that we have communicated several times in writing and over the phone over the past several months, and that we have made every effort to resolve the instant dispute with and without judicial intervention. In spite of this fact, Defendant still has not provided the information sought. And, as noted below, Defendant has not even provided information that it agreed to produce. Because the discovery deadline is looming, this will be our final effort to resolve the issues discussed herein without resort to judicial intervention.

Document Request Nos. 2 and 3 and Interrogatory Nos. 3 and 5:
With respect to the substance of these discovery requests, courts

have recognized that claims of disparate treatment, including failure to accommodate, of necessity require discovery of how others have been treated. *See, e.g., Finch v. Hercules Inc.*, 149 F.R.D. 60 (D. Del. 1993) (citations omitted). This information is relevant to the issue of whether Defendant intentionally discriminated against Plaintiff, as well as to whether any reasons offered by Defendant for its actions vis-à-vis Plaintiff are pretextual. As we have noted on several occasions, including our e-mail of two weeks ago, it is our position that Plaintiff is entitled to discovery relating to other complaints, charges, grievances, etc., for the region in which Plaintiff and her supervisors worked. It is our understanding, from Jennifer Hinkle's deposition testimony, that Tara Kessler was the individual that ultimately decided whether or not to provide accommodations to Plaintiff and that Ms. Kessler supervised a number of stores and personnel in different parts of Delaware and perhaps other states. Plaintiff has made clear her willingness to limit these discovery requests to all stores and personnel within Ms. Kessler's region. *Finch v. Hercules* clearly supports our request for discovery within the region/employing unit. [We would also note that although Defendant previously stated that it would be willing to turn over responsive documents for the "Coastland Mall Store," Defendant has failed to produce any responsive documents.]

Document Request No. 38: This request sought personnel files for individuals that either directly supervised or worked with Plaintiff in Delaware. Plaintiff has asserted that each of these individuals made disparaging comments about her disability status, failed to accommodate her disabilities and/or otherwise treated her in a disparate and harassing manner. With respect to the substance of these discovery requests, courts have recognized that claims of disparate treatment, including failure to accommodate, of necessity require discovery of how others have been treated. *See, e.g., Finch v. Hercules Inc.*, 149 F.R.D. 60 (D. Del. 1993) (citations omitted). This information is relevant to the issue of whether Defendant intentionally discriminated against Plaintiff, whether Defendant properly trained Plaintiff's and its employees to deal with the issues presented in the Complaint, and whether any reasons offered by Defendant for its actions vis-à-vis Plaintiff are pretextual. Courts have routinely found such information to be discoverable. *See, e.g., Fox Martin v. H.J. Heinze Operations*, 2003 U.S. Dist. LEXIS 23571 (D. Kan. Dec. 19, 2003) (overruling defendant's objections and granting plaintiff's motion to compel fifteen personnel files) (citing cases); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) (noting that in employment discrimination litigation, in which

plaintiffs are required to prove pretext, courts have customarily allowed wide discovery of personnel files) (citing cases).

Let us know by close of business tomorrow (1) whether you will be providing this information, and if so, (2) when we should expect to receive the information.

Thank you.

Jason

Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 465-4729
F: (202) 318-7071
E: jhe@becounsel.com

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**From:** Jason H. Ehrenberg [mailto:jhe@becounsel.com]
**Sent:** Friday, January 26, 2007 5:51 PM
**To:** Fauvie, Lori L.
**Cc:** Campbell, David A.
**Subject:** Re: Pagonakis v. Express

David and Lori:

In response to your letter, your continuing failure to provide responsive information and documentation to document request numbers 2, 3 and 29, and

interrogatory numbers 3 and 5 is rather unbelievable. We previously agreed to limit the scope of these discovery requests to the region (thus, contrary to your assertion, we are not seeking "nationwide" discovery). We provided you with authority that supported our position. In response, you failed to turn anything over. Your purported objection, therefore, is baseless. We would also note that *Finch v. Hercules*, which you cite in your letter of today's date, supports our request for discovery within the region/employing unit). Based on your response, the fact that you have not turned over any documents or responded to the interrogatories even as to the relevant region/employing unit, and the fact that the law you cite supports our ability to obtain this discovery, we will assume that you simply will not be responding to document request numbers 2, 3 and 29 and interrogatory numbers 3 and 5.

Next, your attempt to place blame for your failure to turn over responsive documents on our failure to contact you after the holidays, is ridiculous. We have been asking for responsive documentation and information for several months. The Federal Rules of Civil Procedure do not require us to keep asking for information simply because Defendant refuses to turn it over. With regard to "agreements" between the parties, we are comfortable that the written record supports Plaintiff's efforts to obtain discovery, Plaintiff's willingness to narrow allegedly objectionable discovery, Plaintiff's clear narrowing of that discovery, and Defendant's continuing failure to full its discovery obligations.

Next, with regard to document request number 10, you state that Defendant has produced all non-privileged documents. Your response raises the question as to whether you have withheld any responsive documents on the basis of privilege or work product. If so, Defendant is obligated under the Federal Rules of Civil Procedure to provide a privilege log. Defendant has not done so to date.

Next, with regard to document request numbers 22 and 38, please note that although we may have agreed to limit the scope of these requests to the individuals listed in your letter, we do not concur with your assertion that we agreed to allow Defendant to limit its response to "a list of disciplinary actions" taken against these individuals. We obect to such a limitation of Defendant's response. We will review our prior correspondence to see what, if any, limitation we previously agreed upon. We are somewhat concerned with your response to date, as we are aware Ana Klancic was terminated from employment with Express - shortly after Plaintiff's departure from the company - based upon complaints of alleged disability or FMLA discrimination.

Finally, with regard to depositions, we agreed to take the 30(b)(6) over the phone, if that witness is resident in Ohio. The other deposition will be conducted at Gary Aber's offices in Delaware. Please let us know dates of availability as soon as possible so that we may set those dates aside on our calendars.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we

inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (i) avoiding penalties
that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any
transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person
or entity to which it is addressed and may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply e-mail and destroy all copies of the original
message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance
with requirements imposed by the U.S. Internal Revenue Service, we
inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (i) avoiding penalties
that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any
transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person
or entity to which it is addressed and may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply e-mail and destroy all copies of the original
message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance
with requirements imposed by the U.S. Internal Revenue Service, we
inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (i) avoiding penalties
that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any
transaction or other matter addressed herein.

---

03/08/2007

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

03/08/2007