# EXHIBIT 2

# Vorys, Sater, Seymour and Pease LLP

2100 One Cleveland Center • 1375 East Ninth Street • Cleveland, Ohio 44114-1724 • Telephone (216) 479-6100 • Facsimile (216) 479-6060

David A. Campbell
Direct Dial (216) 479-6168
Facsimile (216) 937-3779
E-Mail - dacampbell@vssp.com

January 26, 2007

**VIA FACSIMILE (202-318-7071)**

Jason Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

      Re:    Paula Pagonakis v. Express, LLC.
              United States District Court for the District of Delaware
              Case No. 06-027

Dear Jason:

      We write in response to your email of January 24, 2007. We have two issues with your letter. First, your letter implies that Defendant Express, LLC ("Defendant") is somehow dilatory in providing you with discovery information. Because of obligations facing both parties, the parties sought and obtained an extension of the discovery deadline. Prior to obtaining the extension, the parties had engaged in several lengthy discussions to resolve the discovery issues. It was our understanding that you would contact us after the holidays to continue our discussions so that we could reach an agreement. Your email is the first we heard from you. Second, your email fails to recognize the agreements we did reach during our several weeks of discussion on these issues.

      Below, please find our response to each of your discovery requests:

**Document Request Nos. 2, 3 and 29; and Interrogatories Nos. 3 and 5**

      You agreed to narrow the scope of these discovery requests, but have not yet done so. As the authority you cited confirms, nationwide discovery requests are not proper. As such, Defendant maintains its objections to these discovery requests.

EXHIBIT 2

Vorys, Sater, Seymour and Pease LLP

Jason Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
January 26, 2007
Page 2

In fact, in cases such as this which involve highly individualized claims of discriminatory treatment, courts restrict discovery to the practices at issues and to the individuals involved. Finch v. Hercules Inc., 149 F.R.D. 60 (D. Del. 1993) (restricting discovery to the employing unit); Hardrick v. Legal Serv. Corp., 96 F.R.D. 617, 619 (D.C. D.C. 1983) (finding that discovery "should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct."). Along those lines, we agreed to review the personnel files of Tara Kessler, Elise O'Neill, Ana Klancic and Kristyn Bosley and inform you whether any complaints of disability or Family Medical Leave Act violations were lodged against any of them. We reviewed the personnel files of Ms. Kessler, Ms. O'Neill and Ms. Bosley. No such complaints were made against them. We have not yet reviewed the personnel file of Ms. Klancic. Once we have reviewed her file, we will supplement our response.

### Document Request Nos. 8 and 9

Defendant produced to Plaintiff a copy of The Guide. The Guide sets forth the benefits available to Express associates. Further, Plaintiff was not owed any income, payroll and/or fringe benefits at the time of her termination.

### Document Request No. 10

As we have stated before, Defendant has produced all responsive, non-privileged documents located to date concerning the events underlying the Complaint.

### Document Request No. 16

Enclosed please find documents bates labeled Express- Pag 000177-180.

### Document Request Nos. 22 and 38

You agreed to narrow the scope of Document Requests No. 22 and 38 to information concerning Tara Kessler, Elise O'Neill, Kristyn Bosley and Ana Klancic. You further agreed that rather than us producing their personnel files, we could produce to you a list of the disciplinary actions taken against the aforementioned individuals. Pursuant to our agreement, Defendant provides the following information:

Kristyn Bosely has not received any disciplinary actions. Elise O'Neill was placed on a performance improvement plan in January 2005 for exceeding targeted payroll hours. Tara Kessler was placed on a performance improvement plan in October, 2003 for lack of follow

Vorys, Sater, Seymour and Pease LLP

Jason Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
January 26, 2007
Page 3

through and client service, such as failing to promptly return associate calls. We will supplement this response and provide you the same information with respect to Ms. Klancic.

### Document Request No. 31

You agreed to narrow Document Request No. 31 to the HR Direct organization. We explained to you that we would check to see if such a document exists. No such document exists.

### Document Request Nos. 34 and 35

As we have stated from the on-set of this litigation, we would continue to search for employment records concerning Plaintiff. Enclosed are documents bates labeled Express-Pag 000181-206, which supplement our previous responses.

With respect to depositions, we will contact you shortly with the witnesses' (corporate designee and Elise O'Neill) availability. It is our understanding that these depositions will be conducted telephonically.

Very truly yours,

DA Campbell
David A. Campbell

LLF/pf

cc:    Lori L. Fauvie, Esq.
       Francis G.X. Pileggi, Esq.