# EXHIBIT 3

# Vorys, Sater, Seymour and Pease LLP

2100 One Cleveland Center • 1375 East Ninth Street • Cleveland, Ohio 44114-1724 • Telephone (216) 479-6100 • Facsimile (216) 479-6060

Arthur I. Vorys
1856-1933
Lowry F. Sater
1867-1935
Augustus T. Seymour
1873-1926
Edward L. Pease
1873-1924

COLUMBUS
52 East Gay St.
PO Box 1008
Columbus, OH 43216-1008
Tel 614.464.6400
Fax 614.464.6350
Cable vorysxma

WASHINGTON
1828 L Street NW
Eleventh Floor
Washington, D.C. 20036-5109
Tel 202.467.8800
Fax 202.467.8900

CINCINNATI
Suite 2000, Atrium Two
221 E. Fourth St.
PO Box 0236
Cincinnati, OH 45201-0236
Tel 513.723.4000
Fax 513.723.4056

ALEXANDRIA
277 South Washington St
Suite 310
Alexandria, VA 22314
Tel 703.837.6999
Fax 703.549.4492

AKRON
106 South Main Street
Suite 1100
Akron, OH 44308
Tel 330.208.1000
Fax 330.208.1001

David A. Campbell
Direct Dial (216) 479-6168
Facsimile (216) 937-3779
E-Mail - dacampbell@vssp.com

January 30, 2007

**VIA FACSIMILE (202-318-7071)**

Jason Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

      Re:    Paula Pagonakis v. Express, LLC.
               United States District Court for the District of Delaware
               Case No. 06-027

Dear Jason:

      We write in response to your email of January 26, 2007. As we stated in our email of yesterday, we believe there is some confusion as to our position on the issues you raised in our email of January 24, 2007.

      First, with respect to Document Request Nos. 2, 3 and 29, and Interrogatories Nos. 3 and 5, we are not refusing to provide you with any information. We request clarification as to the scope of these discovery requests. Our position has been that we will not provide you with company-wide information, but we are willing to discuss a proper limitation. Your email of January 24, 2007, to which our January 26th letter responds, does not indicate any willingness to narrow the scope of these discovery requests. Your January 26th email however implies that you are agreeing to limit the scope of these discovery requests, specifically to Plaintiff's employing unit (Express' Coastland Mall store). If our interpretation of your email is correct and you are agreeing to limit the scope of these discovery requests to Express' Coastland Mall store, we can agree to provide you with a response. Please advise us of your position.

      Further, so that that record is clear, it is inaccurate to state that we provided you with no information in response to these discovery requests. As set forth in our January 26th letter, we provided you information concerning the individuals involved in the allegations underlying Plaintiff's Complaint.

EXHIBIT 3

Vorys, Sater, Seymour and Pease LLP

Jason Ehrenberg, Esq.
January 30, 2007
Page 2

With respect to Document No. 10, we are not withholding any documents on the basis of privilege. Our response was merely meant to be consistent with your request, seeking "all non-attorney-client privileged documents . . ."

With respect to Document Request Nos. 22 and 28, we discussed at length the production of the personnel files of Ms. Kessler, Ms. Klancic, Ms. Bosley and Ms. O'Neill. We explained that the entire contents of their personnel files is not relevant to the subject matter of the pending action. Our position is supported by the case law. See Chiaradonna v. Rosemont College, Civil Action No. 06-1015, 2006 WL 3742777, * 2 (E.D. Pa. Dec. 11, 2006) (refusing to require disclosure of the entire personnel files, finding that a synopsis of prior complaints made about and any prior disciplines was sufficient); Kanaji v. Philadelphia Child Guidance Ctr. Of Children's Hosp., No. Civ. A. 00-937, 2001 WL 7088989 (E.D. Pa. June 20, 2001) (finding that only the information concerning the decision to terminate plaintiff's employment was discoverable); Kresefky v. Panasonic Comm. and Sys. Co., 169 F.R.D. 54, 66 (D.N.J. 1996) (discovery of personnel files must be limited to the allegations in Plaintiff's complaint).

Consistent with the case law and our prior agreement, we provided a synopsis of the disciplinary actions, where applicable, issued to Ms. Kessler, Ms. O'Neill and Ms. Bosley. We will provide you the same information for Ms. Klancic once we have reviewed her personnel file.

Finally, again, so that the record is clear, while you are correct that Ms. Klancic's employment was terminated, Ms. Klancic was not terminated based upon complaints of alleged disability or FMLA discrimination.

We believe this should resolve all your outstanding discovery issues. Thank you.

Very truly yours,


David A. Campbell


LLF/pf

cc:   Lori L. Fauvie, Esq.
      Francis G.X. Pileggi, Esq.