**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAULA PAGONAKIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-027 (SLR) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EXPRESS, LLC, a/k/a/ | ) | |
| LIMITED BRANDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF
<u>PLAINTIFF'S FIRST MOTION TO COMPEL</u>**

**I.     Introduction**

Defendant's Opposition to Plaintiff's First Motion to Compel (the "Opposition") is simply a further delay tactic. Although Defendant asserts throughout its brief that the "parties have reached agreement," and that "Defendant is not refusing to provide" any information in response to the discovery requests that form the basis of Plaintiff's First Motion to Compel (which consist of complaints of disability and FMLA discrimination made against Defendant and the personnel files of Plaintiff's direct supervisors), the bottom line is that Defendant still has not provided *any* information in response to these specific discovery requests (notably, the discovery period in this case – which was extended several times at Defendant's request – closed on March 1, 2007). Defendant's failure to provide responsive information has prejudiced, and continues to impede, Plaintiff's ability to prepare her case (by way of example, Plaintiff has not been able to question defense witnesses with regard to this information). Accordingly, Defendant should be compelled to produce responsive documents and information immediately.

## II.     Other Complaints of Discrimination/Retaliation

As noted in Plaintiff's Motion to Compel, Plaintiff requested this information in July 2006 – more than **eight** months ago.  Significantly, although Defendant repeatedly states in the Opposition that "the parties have reached agreement" with regard to, and that "Defendant is not refusing to provide any information in response to" Plaintiff's Document Request Nos. 2, 3, and 29 and Interrogatory Nos. 3 and 5, Defendant (1) has not produced a single document in response to Document Request Nos. 2, 3 and 29, or (2) responded to Interrogatory Nos. 3 and 5 (other than to asserts baseless objections).

To be clear, Plaintiff has agreed to limit the relevant discovery requests to all *formal and informal* complaints of disability and FMLA discrimination that arose from 2002 to 2004 in the relevant geographic area (which Defendant contends, and Plaintiff does not dispute, is Pennsylvania, Delaware, Main, New York, New Jersey and Maryland).  Plaintiff seeks – and is entitled to – not just formal complaints of discrimination (*i.e.*, complaints or charges filed in federal district court or with the Equal Employment Opportunity Commission), but also internal/informal complaints (*e.g.*, written or oral complaints lodged by other employees/personnel of Defendant with Defendant's HR department or with supervisors that were recorded in writing or via other means).

## III.    Personnel Files

Plaintiff's Request for Production No. 38 seeks the personnel and/or employment files for four individuals – each of whom (1) directly supervised and worked with Plaintiff, (2) took part in the decision to deny Plaintiff reasonable accommodations in the workplace, and (3) made disparaging comments about Plaintiff's disability status and

otherwise discriminated against Plaintiff. With respect to the substance of this discovery request, courts have routinely found such information to be discoverable. *See*, *e.g.*, *Fox Martin v. H.J. Heinze Operations*, 2003 U.S. Dist. LEXIS 23571 (D. Kan. Dec. 19, 2003) (overruling defendant's objections and granting plaintiff's motion to compel fifteen personnel files) (citing cases); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) (noting that in employment discrimination litigation, in which plaintiffs are required to prove pretext, courts have customarily allowed wide discovery of personnel files) (citing cases); *Gaul v. ZEP Manufacturing Company, et al.*, Civ. No. 03-2439, 2004 U.S. Dist. LEXIS 1990 (E.D. Pa. Feb. 5, 2004) (ordering defendant to produce entire personnel files to plaintiff in Title VII case); *Marcarelli v. Delaware County Memorial Hospital, Inc.*, Civ. No. 86-1630, 1987 U.S. Dist. LEXIS 10320 (June 4, 1987) (finding personnel files of other employees in Title VII action were relevant and ordering defendant to turn over such files).

Defendant does not assert in its Opposition that the personnel files are not discoverable. Rather, Defendant argues – for the first time – that Plaintiff is not entitled to the "entire personnel files" of the four individuals. As the case law above demonstrates, Plaintiff is entitled to review the entire personnel files of the four individuals. At the very least, Plaintiff should be able to review the personnel files with appropriate redactions to protect against Defendant's "personal," "financial" and "confidential information" concerns (Defendant's concerns regarding this "private" information are unfounded and simply a further delay tactic – as the parties agreed to, and

the Court entered – a protective order in this case more than 10 months ago in May 2006) (see Docket Entry Nos. 13-15).[1]

**IV.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendant to provide responses and responsive documentation as set forth in Plaintiff's First Motion to Compel.

Dated: March 14, 2007                              Respectfully submitted,

*//s//  Gary W. Aber*

_____
Gary W. Aber (DE # 754)
Aber, Goldlust, Baker & Over
702 King Street
P.O. Box 1675
Wilmington, DE 19899
Tel:  (866) 826-4950
Fax:  (302) 472-4920
gaber@gablawde.com

**Of counsel:**

James C. Bailey*
Jason H. Ehrenberg*
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel:  (202) 787-3869
Fax:  (202) 318-7071
jcb@becounsel.com
jhe@becounsel.com

*  Admitted *pro hac vice*

---

[1]   Obviously, Plaintiff disputes that the parties reached agreement on the personnel file issue.  Moreover, given Defendant's obstructionist tactics to date in this case, Plaintiff is not willing to rely on defense counsel's bare assertions that there is nothing in the personnel files that might lead to the discovery of admissible evidence.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached pleading was filed and served via electronic filing on March 14, 2007 to the following counsel:

> Francis G.X. Pileggi, Esquire
> Fox Rothschild, LLP
> 919 N. Market Street
> Wilmington, DE  19801

>                     /s/ Melissa A. Chionchio
> Melissa A. Chionchio
> Secretary to Gary W. Aber, Esquire