IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 06-027 (SLR) |
| | ) | |
| EXPRESS, LLC, a/k/a | ) | |
| LIMITED BRANDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EXPRESS, LLC'S ANSWERING MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL**

**I. INTRODUCTION**

Plaintiff Paula Pagonakis' Second Motion to Compel is Moot. Plaintiff filed her motion on March 1, 2007, seeking an order (1) compelling Defendant Express LLC ("Defendant") to produce for deposition a Fed. R. Civ. P. 30(b)(6) corporate designee, and (2) compelling Defendant to provide contact information for, or produce for deposition, a former managerial employee of Defendant (Kristyn Bosely). As set forth more fully below, both issues were never in dispute and, in any event, have been resolved. Nonetheless, despite Defendant's request to do so, Plaintiff refused to withdraw her motion and is forcing Defendant to incur additional legal expenses to inform the Court that Plaintiff's issues are now moot.

**II. PLAINTIFF'S MOTION TO COMPEL IS MOOT.**

**A. Defendant never refused to produce a corporate designee for deposition.**

At no time did Defendant refuse to produce a 30(b)(6) corporate designee. In fact, the corporate designee's deposition is scheduled for March 29, 2007. Thus, this issue is moot.

The parties originally scheduled the 30(b)(6) deposition for February 22, 2007. See Email from Lori Fauvie to Jason Ehrenberg dated Feb. 2, 2007, attached as Exhibit A. However,

the parties postponed that deposition until March while they discussed the topics on which the 30(b)(6) witnessed needed to be competent. See Email from David Campbell to Jason Ehrenberg, dated Feb. 20, 2007, attached as Exhibit B. The parties subsequently agreed to conduct the 30(b)(6) deposition on March 29, 2007 via telephone. See Email from Lori Fauvie to Jason Ehrenberg, dated Tuesday, March 13, 2007, attached as Exhibit C.

Despite the fact that Defendant had, at all times, been willing to produce a corporate designee for deposition, upon agreement of the deposition topics, Plaintiff nonetheless filed this motion. The parties confirmed the corporate designee's deposition on Tuesday, March, 13, 2007, but Plaintiff refused to withdraw her motion on this topic. See Exhibit C. As a result, Defendant files this opposition to inform the Court that this issue has been resolved and, therefore, Plaintiff's Second Motion to Compel should be denied.

**B. Defendant provided to Plaintiff Ms. Bosely's contact information.**

Plaintiff, without any factual basis, insinuates through her Second Motion to Compel that Defendant somehow withheld information from her concerning Ms. Bosely's location. This is entirely untrue. Defendant has been forthcoming in this discovery process and, as set forth more fully below, has provided counsel for Plaintiff with Ms. Bosely's contact information.

In the late Fall, 2006, the parties conducted a telephonic conference to discuss the deposition schedule for this case. At that time, counsel for Defendant informed counsel for Plaintiff that Ms. Bosely was a former manager, who it had been unable to contact. Counsel for Defendant provided counsel for Plaintiff with the information it had concerning Ms. Bosely's whereabouts.

In late February, 2007, during the depositions of one of the corporate witnesses, the witness told both counsel for Defendant and counsel for Plaintiff that Ms. Bosely had relocated to Delaware. See Email chain between David Campbell, Lori Fauvie and Jason Ehrenberg, dated March, 2007, attached as Exhibit D. The witness stated that she would talk with Ms. Bosely, get her authority to produce her contact information and provide it to counsel for Defendant. Id. Upon receipt of that information, Defendant forwarded to counsel for Plaintiff. Id. It became apparent however through this exchange that counsel for Plaintiff already had Ms. Bosely's current contact information and had, in fact, left a message at Ms. Bosely's home, requesting that she contact counsel for Defendant. Id. Accordingly, not only has Defendant been forthcoming with Ms. Bosely's contact information, but Plaintiff has had this information in her possession all a long. This Court therefore should deny Plaintiff's Second Motion to Compel as this issue was, and always has been, moot.

## III. CONCLUSION

Because the issues raised in Plaintiff's Second Motion to Compel are moot, Defendant requests that the Court deny her motion in its entirety.

Respectfully Submitted,

By:   */s/ Sheldon K. Rennie (#3772)*
Francis G.X Pileggi, Esquire (#2624)
Sheldon K. Rennie, Esquire (#3772)
919 N. Market Street
Suite 1300
Wilmington, DE  19801
Phone: (302) 622-4202
Fax: (302) 656-8920

*Attorneys for Defendant*

OF COUNSEL:

DAVID A. CAMPBELL (#0066494)
*Admitted pro hac vice*
LORI L. FAUVIE (#0076831)
*Admitted pro hac vice*
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 479-6100 (Telephone)
(216) 479-6060 (Facsimile)
dacampbell@vssp.com; llfauvie@vssp.com