EXHIBIT "C"



**Fauvie, Lori L.**

| | |
|---|---|
| **From:** | Campbell, David A. |
| **Sent:** | Thursday, March 15, 2007 10:12 AM |
| **To:** | Fauvie, Lori L. |
| **Subject:** | FW: Pagonakis |

-----Original Message-----
From: Fauvie, Lori L.
Sent: Wednesday, March 14, 2007 12:02 PM
To: Campbell, David A.; 'jhe@becounsel.com'
Subject: Re: Pagonakis

Dear Jason:

We just learned this morning that Ms. Bosely lives with her parents in Pa. Her phone number is 610-291-2650. We understand that you have called Ms. Bosely's parent's house before, so we do not understand why you needed us to provide this information to you. We have no other information concerning Ms. Bosely's whereabouts. We only received her phone number this morning. We have not spoken with Ms. Bosely at anytime during this litigation. Based on her phone number, you should be able to obtain her address to serve her with a subpoena for her deposition. We, of course, would like to attend her deposition and request that you confer with us on potential dates.

Because we have confirmed the 30(b)(6) deposition and with the information provided herein, the issues raised in your Second Motion To Compel seem to be resolved. Do you intend to withdraw your motion?

Thx.
Lori

----- Original Message -----
From: Campbell, David A.
To: Jason Ehrenberg <jhe@becounsel.com>; Fauvie, Lori L.
Sent: Tue Mar 13 17:53:09 2007
Subject: RE: Pagonakis

Jason, you discussed the calls to her home with Ms. Zapp at the deposition. This law firm has been unable to reach Ms. Bosely. We were unaware of Ms. Bosely's change in address, back to Delaware, until preparation of Ms. Zapp. Ms. Zapp informed you and me that she would talk to Ms. Bosely, get her authority to produce the information, and then give it to me. Ms. Bosely has told Ms. Zapp no.

We are playing no games.

---

From: Jason Ehrenberg [mailto:jhe@becounsel.com]
Sent: Tuesday, March 13, 2007 5:51 PM
To: Campbell, David A.; Fauvie, Lori L.
Subject: RE: Pagonakis


Stop playing games. You obviously have been in contact with Ms. Bosley (and therefore have had her contact information), as you state below that you "understand" that I left messages with her parents and at her house. Obviously, you wouldn't know this if you weren't in touch with her. We strongly urge you to provide the contact information as soon as you have it - to the extent you actually do not have it already. Defendant has had this information for some time (i.e., Defendant's employees and agents - including Ms.

1

Zapp – have had this information). Your client's alleged failure to provide you with the information does not absolve it from having to turn it over to Plaintiff.

Jason H. Ehrenberg, Esq.

Bailey & Ehrenberg PLLC

1155 Connecticut Ave, N.W.

Suite 1100

Washington, D.C. 20036

T: (202) 465-4729

F: (202) 318-7071

E: jhe@becounsel.com

===========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
===========================================================

From: Jason Ehrenberg [mailto:jhe@becounsel.com]
Sent: Tuesday, March 13, 2007 5:41 PM
To: 'Campbell, David A.'; 'Fauvie, Lori L.'
Subject: RE: Pagonakis

You are incorrect. We left messages with her parents at the number you provided several months ago and were told that she no longer lived there. We attempted to serve her with a subpoena at the address you provided and the process server was informed that Ms. Bosley did not live at that address. Thus, you are incorrect. We look forward to receiving the current contact information ASAP.

Jason H. Ehrenberg, Esq.

Bailey & Ehrenberg PLLC

1155 Connecticut Ave, N.W.

Suite 1100

2

Washington, D.C.  20036

T:  (202) 465-4729

F:  (202) 318-7071

E:  jhe@becounsel.com

==============================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
==============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
==============================================================

---

From: Campbell, David A. [mailto:DACampbell@vssp.com]
Sent: Tuesday, March 13, 2007 5:22 PM
To: Jason Ehrenberg; Fauvie, Lori L.
Subject: RE: Pagonakis

Jason, we do not have Ms. Bosely's current information. We have requested Ms. Zapp to provide it to us and it will be forwarded to you immediately. We understand that you have left messages at Ms. Bosely's house and with her parents asking her to contact Ms. Fauvie. Accordingly, I am puzzled by your claim that you have not had access to Ms. Bosely.

---

From: Jason Ehrenberg [mailto:jhe@becounsel.com]
Sent: Tuesday, March 13, 2007 5:13 PM
To: Fauvie, Lori L.
Cc: Campbell, David A.
Subject: RE: Pagonakis

Lori:

With regard to the 30(b)(6), if March 29 is the only available date, then that is what we will have to settle on. We would appreciate it if you could make arrangements with the videographer and court reporter. Alternatively, please let us know where the deposition will take place and we will make our own arrangements. Thank you.

With regard to Kristen Bosley, your effort to try to turn this around to make it look like Plaintiff has not been diligent in discovery is dishonest and disingenuous. We did/do not

3

have Ms. Bosley's contact information. Obviously, if we knew where Ms. Bosley resided, we would have subpoenaed her and taken her deposition several months ago (indeed, we did attempt to serve Ms. Bosley with a subpoena at the address you provided several months ago – unfortunately, Ms. Bosley does not reside at that address and her parents were not willing to provide us with her current contact information – our subsequent attempts to locate Ms. Bosley independently have been unsuccessful). It is clear from Ms. Zapp's deposition transcript that Defendant has been in possession of Ms. Bosley's current contact information for at least the past several weeks. Defendant listed Ms. Bosley as a witness in its Initial Disclosures and, therefore, Defendant has an obligation to provide us with Ms. Bosley's contact information. We will not withdraw our motion to compel and we are seriously considering moving for sanctions on this issue.

Finally, we will not agree to move the summary judgment deadline back. We will not allow Defendant's bad faith refusal to fulfill its discovery obligations to further delay this case.

Jason H. Ehrenberg, Esq.

Bailey & Ehrenberg PLLC

1155 Connecticut Ave, N.W.

Suite 1100

Washington, D.C. 20036

T:  (202) 465-4729

F:  (202) 318-7071

E:  jhe@becounsel.com

================================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
================================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
================================================================

From: Fauvie, Lori L. [mailto:llfauvie@vssp.com]
Sent: Tuesday, March 13, 2007 4:43 PM
To: Jason Ehrenberg
Cc: Campbell, David A.
Subject: RE: Pagonakis

Dear Jason:

We have reviewed your Second Motion to Compel.

First, with respect to the 30(b)(6) deposition, Ms. Rock is available for her deposition on March 29th. Please advise if you are available on that date as well. I assume that Ms. Rock's deposition will be telephonic. Please advise if you would like me to make arrangements for a court reporter, etc.

Second, with respect to Ms. Bosely, Ms. Bosely does not want to voluntarily participate in this litigation. We have no problem in general with you serving Ms. Bosely with a subpoena for deposition and moving the summary judgment deadline accordingly to allow the parties to review her transcript before filing . If the summary judgment deadline remains the same, we do object. Based on your comments during Ms. Zapp's deposition, it is apparent that you have had Ms. Bosely's contact information and, in fact, have reached out to her. Therefore, there is no reason that you could not have subpoenaed her earlier for deposition. While it is seems you already have Ms. Bosely's contact information, we have requested Ms. Zapp to provide to us the contact information that she has for Ms. Bosely. We will forward that to you upon receipt.

I believe that this should resolve the issues raised in your Second Motion to Compel. We therefore request that you withdraw that motion as it is now moot.

Thank you.

Lori

Lori L. Fauvie
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
Telephone: 216/479-6141
Facsimile: 216/937-3759
llfauvie@vssp.com

---

From: Jason Ehrenberg [mailto:jhe@becounsel.com]
Sent: Monday, March 05, 2007 10:23 AM
To: Fauvie, Lori L.
Cc: Campbell, David A.
Subject: RE: Pagonakis

Lori:

We can do the 30(b)(6) any day during the weeks of March 12, 2007 and/or March 19, 2007.

5

We will only need a morning or an afternoon (no more than three hours).

With regard to Document Request Nos. 2, 3 and 29 and Interrogatory Nos. 3 and 5, we are now past the close of discovery and Defendant still has not provided any responsive information. At this point, we would strongly urge you to turn over whatever information you have. We will leave the rest up to the Court.

Finally, Dave was supposed to get back to us last week (1) with Kristyn Bosley's current contact information, and (2) an answer as to whether Defendant would produce Ms. Bosley for deposition or whether Plaintiff should subpoena Ms. Bosley for deposition.

Jason H. Ehrenberg, Esq.

Bailey & Ehrenberg PLLC

1155 Connecticut Ave, N.W.

Suite 1100

Washington, D.C.  20036

T:  (202) 465-4729

F:  (202) 318-7071

E:  jhe@becounsel.com

===========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
===========================================================

From: Fauvie, Lori L. [mailto:llfauvie@vssp.com]
Sent: Friday, March 02, 2007 9:54 AM
To: Jason Ehrenberg
Cc: Campbell, David A.
Subject: Pagonakis

Dear Jason:

Both Dave and I have been traveling this past week with limited access to email and voice mail. We received and reviewed your motion to compel, which was filed on Feb. 23rd. We

write regarding Document Request Nos. 2, 3 and 29 and Interrogatory Nos. 3 and 5. To end the discovery dispute as to these requests, we will agree to provide you information regarding charges and complaints filed re: FMLA violations and disability discrimination for the time period of 2002 -2004 and for the geographical area for which Ms. Klancic and Ms. Kessler were responsible. That area includes Pennsylvania, Delaware, New York, New Jersey and Maryland. If this will end the discovery dispute as to these requests, we will provide you with this information on Monday, March 5, 2007. Please advise.

With respect to the 30(b)(6) deposition, we are checking for Ms. Rock's availability. She has been out of the office. What is your availability the last week of March?

I look forward to hearing from you.


Lori Fauvie

Lori L. Fauvie
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
Telephone: 216/479-6141
Facsimile: 216/937-3759
llfauvie@vssp.com

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of

the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.