## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PAULA PAGONAKIS,                )
                                )
            Plaintiff,          )
                                )
v.                              )        Case No.:  06-027 (SLR)
                                )
EXPRESS, LLC, a/k/a             )
LIMITED BRANDS, INC.,           )
                                )
            Defendant.          )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## EXPRESS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.    INTRODUCTION

Paula Pagonakis ("Plaintiff"), a former employee of Express, LLC ("Express"), asserts three claims against Express: (1) Count I – disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12001, *et seq.* (the "ADA"); (2) Count II – retaliation under the ADA; and (3) Count III – retaliation under the Family Medical Leave Act, 26 U.S.C. §§ 2601, *et seq.* (the "FMLA"). This motion seeks dismissal of Counts I and II based on procedural deficiencies.[1]

First, judgment should be entered in favor of Express because Counts I and II are untimely. The ADA requires a plaintiff to initiate a lawsuit within ninety (90) days of her receipt of the Equal Employment Opportunity Commission's (the "EEOC") right to sue letter. 42 U.S.C. § 2000e-5(f)(1). When the receipt date of the right to sue letter is in dispute, Rule 6(e) of the Federal Rules of Civil Procedure will control, invoking the presumption of receipt within three days of mailing. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984); see also Arots v. Salesianum Sch., Inc., 2003 WL 21398017, *2 (D. Del. June 17, 2003).

---

[1] All three counts of the Complaint also fail on the merits. Express will file a motion for summary judgment on the merits within the timeframes set forth in this Court's case schedule.

Plaintiff amended her Charge of Discrimination on September 28, 2005. Plaintiff conceded at her deposition that the mailing address set forth on the Amended Charge was correct. Thereafter – just six days after the Amended Charge was signed – on October 5, 2005, the EEOC mailed the right to sue letter to Plaintiff at the same address as set forth on the Amended Charge. Rule 6(e) presumes the date of receipt of the right to sue letter is October 8, 2005. Consequently, Plaintiff's 90-day limitations period expired on January 6, 2006 – seven days before she commenced this action.

Even if, as Plaintiff somehow claims, she moved during this six day period to Virginia, her Complaint is still untimely. The right to sue letter was forwarded to Plaintiff at another address on October 11, 2005. Rule 6(e) presumes the date of receipt is October 14, 2005. Consequently, Plaintiff's 90-day limitations period expired on January 12, 2006 – one day before she commenced this action. Judgment therefore should be entered in favor of Express on Count I and II of Plaintiff's Complaint as they are untimely.

Second, if, _arguendo,_ Count I and Count II are timely, judgment should still be entered in favor of Express on Plaintiff's claims of harassment, retaliation, and constructive discharge. Under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge, putting the employer on notice of the alleged wrongful conduct and permitting the EEOC to investigate the remedies. Plaintiff's Charge of Discrimination – filed when she was still employed by Express – alleged only a failure to accommodate her disability. The Charge did not allege that Plaintiff was harassed or retaliated against because of her disability, or that she was forced to resign. The EEOC therefore never investigated these allegations.

On September 28, 2005, Plaintiff filed an Amended Charge alleging that she was constructively discharged. Again, the EEOC never investigated this late filed allegation, but

simply issued a right to sue notice seven days later.  These undisputed facts establish that Plaintiff failed to exhaust her administrative remedies as to her retaliation, harassment, and constructive discharge claims under the ADA.  Accordingly, even if timely, summary judgment should be entered in favor of Express on these claims.  Buck v. Hampton Township Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) ("Plaintiffs bringing employment discrimination charges under the ADA must comply with the procedural requirements . . . .").

## II.    STATEMENT OF RELEVANT FACTS

### A.    Plaintiff's First Charge of Discrimination.

Plaintiff began her employment with Express in 1999.  See Deposition of Paula Pagonakis at 97 (hereinafter "Plaintiff's Dep. at ___") (all cited pages are attached hereto as Exhibit A).  On March 18, 2004, Plaintiff resigned from her employment.  Plaintiff's Dep. at 31-32 and 88.

On January 30, 2004, while still employed by Express, Plaintiff filed a Charge of Discrimination with the EEOC (the "Charge").  Plaintiff's Dep. at Ex. 5.  In the Charge, Plaintiff alleged that she was the victim of age and disability discrimination.  Plaintiff's Dep. at Ex. 5. Obviously, since Plaintiff had not yet resigned from her employment with Express, the Charge does not allege constructive discharge.  Plaintiff's Dep. at Ex. 5.  Similarly, the Charge does not allege disability harassment or retaliation.  Plaintiff's Dep. at Ex. 5.  Rather, Paragraphs I and II of the Charge address disability discrimination and these paragraphs address only an alleged failure to accommodate:

> I.    I have been employed by Limited Brands, Inc. (The "Respondent") since 1998.  I am a qualified individual with a disability as defined by the American with Disabilities Act of 1990 (the "ADA").  Since my hire in 1997, I have been provided with reasonable accommodations by the Respondent.  The reasonable accommodations included being permitted to work at home; to

work a flexible schedule; and to work only daytime hours. On November 25, 2003, I was informed by Tara Kessler, Human Resources Generalist that the Respondent would no longer provide me with a reasonable accommodation because the person who initially provided this accommodation did not have the authority to do so. I was directed to contact Respondent's Human Resources Director to provide him/her with appropriate medical documentation. When I attempted to hand the required documents to Ms. Kessler, she refused to accept them. A women from H.R. Direct, Emily (last name unknown) told me that the handling of reasonable accommodations was Ms. Kessler's responsibility. I am continuing to work but with significant difficulty due to being denied the previously provided reasonable accommodation.

II. I believe that I am being discriminated against (denied reasonable accommodations) because of my disability in violation of the ADA.

Plaintiff's Dep. at Ex. 5.

On April 23, 2004, Express submitted its position statement responding to the Charge. See Affidavit of Counsel, attached hereto as Exhibit B (hereinafter "Aff. Counsel at __ )". Consistent with the Charge, the position statement did not address Plaintiff's resignation from employment, or her allegations of harassment or retaliation as there were none. Aff. Counsel at ¶ 4.

## B.    Plaintiff's Amended Charge of Discrimination.

On September 28, 2005, Plaintiff signed an Amended Charge (the "Amended Charge"). Plaintiff's Dep. at Ex. 6. The Amended Charge was identical to the original Charge except for the addition of one paragraph. Plaintiff's Dep. at Ex. 6. Specifically, under the header Addendum, the Amended Charge alleged: "V. I further allege that I was forced to resign from my position with the Respondent due to the ongoing discrimination and Respondent's continued failure to accommodate me." Plaintiff's Dep. at Ex. 6.

As with the original Charge, the Amended Charge listed Plaintiff's address as 140 Back Creek Drive, Middletown, DE 19708.  Plaintiff's Dep. at Ex. 6.  Although Plaintiff claims she was in the process of moving to Virginia, Plaintiff's deposition testimony is clear that the Delaware address was her correct address when the Amended Charge was signed:

> Q.    Why didn't you change your address on the amended charge when you signed it on September 28, 2005?
> A.    Because that's where I lived at that time.
>
>                              * * *
>
> Q.    Why wouldn't you change your address in the discrimination amended charge?
> A.    That was done before – I still lived at that address when that was filled out.
> Q.    When you filled it out on September 28th, 2005?
> A.    When I filled this out I was in Delaware.

Plaintiff's Dep. at 124-125.

The Amended Charge was forwarded to Express on October 11, 2005 – six days after the right to sue notice was issued by the EEOC.  Aff. Counsel at ¶ 5.  The cover page to the Amended Charge added the following Comments:

> ***Amended Charge for your records.  Charge was amended prior to being dismissed.  No response is required.***

Id.

Express never had the opportunity to respond to the allegations asserted in the Amended Charge.  Id. at ¶ 6.  In a letter of October 31, 2005, Express objected to the Amended Charge, informing the EEOC that "Express' position statement to the charge did not address the resignation, the subsequent requests for information did not address the resignation, and the resignation was not discussed nor reviewed at the Fact Finding Conference held prior to the dismissal of the Charge."  Id. at ¶ 7.

C.    **Plaintiff's Right to Sue Letter.**

The EEOC sent the Dismissal and Notice of Right to Sue Letter (the "Right to Sue Letter") to the address listed in the Amended Charge – the address that only six days before Plaintiff had confirmed was accurate. Plaintiff's Dep. at 120 (emphasis added). The EEOC's file does not contain any notice of a permanent change of address for Plaintiff. Aff. Counsel at ¶ 8. Subsequently, the Right to Sue Letter was forwarded to a new address for Plaintiff on October 11, 2005. Id. at ¶ 10.

III.    **LAW AND ARGUMENT**

A.    **Plaintiff's Disability Discrimination Claims Are Untimely.**

1.    **Plaintiff failed to file her complaint within the 90-day filing period.**

Before bringing a lawsuit in federal court pursuant to the ADA, a plaintiff must file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(A); See e.g. Buck, 452 F.3d 256 at 260. If the EEOC denies or takes no action on the charge, it will notify the charging party. The charging party then has ninety (90) days after receipt of such notice to file a lawsuit in federal court. See 42 U.S.C. § 2000e-5(f)(1); Garrison v. Town of Bethany Beach, 131 F. Supp. 2d 585, 588–89 (D. Del. 2001) ("Plaintiffs have 90 days from the date they receive a right to sue letter to file a suit in federal court").

Courts, including this Court, strictly apply the limitations period and dismiss claims filed outside of the 90-day time limit. See Garrison, 131 F. Supp. 2d at 588–89 ("any attempt to file a complaint even one day after the 90 day time period must result in dismissal") (citing Mosel v. Hills Dep't. Store, 789 F.2d 251, 253 (3d Cir. 1986)); Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996) ("[i]n order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter"); cf. Baldwin Cty. Welcome

Ctr., 466 U.S. 147 at 152 ("procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

As in this case, when the receipt date of the right to sue letter is in dispute, Rule 6(e) of the Federal Rules of Civil Procedure will control, invoking the presumption of receipt within three days of mailing. Fed. R. Civ. Pro. 6(e); Mosel, 789 F.2d at 253 (construing the Supreme Court's opinion in Baldwin, 466 U.S. at 148 n.1, as suggesting that Rule 6(e) applies when the parties dispute the date of receipt); Arots, 2003 WL 21398017 at *2.

It is undisputed that the EEOC issued and mailed Plaintiff her Right to Sue Letter on October 5, 2005.  Plaintiff's Dep. at Exhibit 7.  Following Rule 6(e), the date of receipt is presumed to be October 8, 2005. Consequently, Plaintiff's 90-day limitations period expired on January 6, 2006 – seven days before she commenced this action.

Other than her own self-serving assertion, Plaintiff offers no evidence to support her claim that she received the Right to Sue Letter on October 17, 2005.  Compl. ¶ 36.  Her self-serving assertion is insufficient to rebut Rule 6(e)'s presumption of receipt within three days of mailing. See Arots, 2003 WL 21398017 at *2 (finding that bare assertions by the plaintiff of the receipt date are insufficient to rebut Rule 6(e)'s presumption of receipt after three days of mailing); Dupree v. United Food and Commercial Workers Union, 2005 WL 41562 (D. Del. Jan. 7, 2005) (same).

Plaintiff's own deposition testimony, in fact, undercuts her argument.  On September 28, 2005, Plaintiff admits that she signed an Amended Charge which included her correct mailing address – the address at which Plaintiff admits she was living at the time of the amendment. Plaintiff's Dep. at 124-25.  The EEOC mailed the Right to Sue Letter to this same address just

six days later. Most importantly, during this six day period, Plaintiff never filed any formal change of address with the EEOC.

Title VII claimants are responsible for keeping the EEOC advised of any changes in their address. To find otherwise would invite Plaintiffs to preserve claims that would be time-barred by "hiding" from the EEOC. See Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1340 (11th Cir. 1999) (finding that "it was reasonable to require the plaintiff to shoulder the '*de minimis*' burden of notifying the EEOC of his change of address."). The Zillyette Court explained:

> There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory minimum meaningless. *Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.*

Id. at 1340. (emphasis in original).[2]

In light of this principle, the 90-day period began to run three days after the Right to Sue Letter was mailed to the address Plaintiff provided to the EEOC as her current address six days earlier, or on October 8, 2005. Accordingly, if the Right to Sue Letter is deemed received as a matter of law on October 8, the Complaint is obviously untimely as it was filed seven days after the expiration of the 90-day period and must be dismissed.

Moreover, even assuming, arguendo, that Plaintiff moved to Virginia during the 6-day period between when she verified her address in Delaware and when the EEOC issued her Right to Sue Letter, it is undisputed that the U.S. Post Office forwarded the Right to Sue Letter to Plaintiff in Virginia on October 11, 2005. Applying the Rule 6(e) presumption to the date the Right to Sue Letter was mailed to this new address for Plaintiff, the Complaint is still untimely by one day. See Garrison, 131 F. Supp. 2d at 588–89 (complaint filed even one day after the 90

---

[2] The Third Circuit has endorsed the analysis of the Zillyette decision. Ebbert v. Daimlerchrysler Corp., 319 F.3d 103, 116 n. 15 (3d Cir. 2003).

day time period must be dismissed"). Accordingly, Express is entitled to summary judgment on Count I and II of Plaintiff's Complaint because her Complaint is untimely.

### 2.    Equitable tolling does not apply.

The 90-day filing limitation is akin to a statute of limitations and subject to equitable tolling. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Under equitable tolling, a court may toll the statutory time period for filing a complaint if the plaintiff was prevented from filing in a timely manner due to sufficiently inequitable circumstances. Baldwin, 466 U.S. at 151. Circumstances justifying equitable tolling include: "when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her." Id. Furthermore, equitable tolling may be justified "when the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." Id.; See also Dupree, 2005 WL 41562, at *2–3.

None of these circumstances are present in this matter. Rather, Plaintiff simply alleges that she moved after filing the Amended Charge and the EEOC mailed the Right to Sue Letter to the wrong address. This is not one of the enumerated grounds to justify application of the equitable tolling doctrine.

Plaintiff's verification of her address six days before the EEOC issued the Right to Sue Letter is further reason not to apply the equitable tolling doctrine. If Plaintiff's address changed after she verified the Amended Charge on September 28, 2005, she had the obligation to notify the EEOC of her new address. See Zillyette, 179 F.3d at 1340 ("it was reasonable to require the plaintiff to shoulder the '*de minimis*' burden of notifying the EEOC of his change of address.").

Plaintiff did not. As a result of Plaintiff's failure to "to take reasonable steps to ensure delivery of the notice to [her] current address," Plaintiff "should not be heard to complain that [s]he did not receive the letter delivered to the last address known to the EEOC." See Zillyette, 179 F.3d at 1340 (citing Lewis v. Conners Steel Co., 673 F.2d 1240, 1243 (11th Cir. 1982); see also Garrison, 131 F. Supp. 2d at 591–92 (citing Wilson v. Dept. of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995) (stating that "we have generally been less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights")). Accordingly, equitable tolling does not save Plaintiff's ADA claims and summary judgment should be granted in Express' favor on Count I and II of Plaintiff's Complaint.

**B.    Plaintiff Cannot Assert Harassment, Retaliation, And Constructive Discharge Under the ADA Because She Failed To Exhaust Her Administrative Remedies.**

Before bringing a claim of discrimination under the ADA, a plaintiff must, as an absolute prerequisite, exhaust administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a); See e.g. Buck, 452 F.3d at 260. The failure to do so calls for the dismissal of a discrimination claim. See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

Although Plaintiff's Charge was indisputably limited to one claim of failure to accommodate under the ADA, Plaintiff alleges in Count I and II of the Complaint other claims under the ADA, including (1) that she was harassed due to her disability, (2) that Express retaliated against her due to her disability, and (3) that the discrimination resulted in a constructive discharge. None of these claims have been properly exhausted and, therefore, they must be dismissed.

To determine whether the allegations of a complaint have been properly and sufficiently exhausted through the administrative process, courts consider "'whether the acts alleged in the

10

… [lawsuit] are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" <u>Antol</u>, 82 F.3d at 1295 (citing <u>Waiters v. Parsons</u>, 729 F.2d 233, 237 (3d Cir. 1984)). The test focuses on the scope of the EEOC's investigation. <u>Ferguson v. E.I. duPont de Nemours and Co., Inc.</u>, 560 F. Supp. 1172, 1189 (D. Del. 1983). Applying this test, Plaintiff's claims of harassment, retaliation, and constructive discharge have not been properly exhausted.

First, nowhere in her original or Amended Charge does Plaintiff claim that she was harassed on the basis of her alleged disability or retaliated against for complaining about any alleged harassment. <u>See</u> Plaintiff's Dep. at Exs. 5 and 6. On its face, the Charge is devoid of any facts that would reasonably lead one to believe that harassment and/or retaliation had occurred. <u>Id</u>. Plaintiff expressly states: "I believe that I am being discriminated against (<u>denied reasonable accommodations</u>) because of my disability in violation of the ADA." <u>Id</u>. (emphasis added). There was no reason for the EEOC to expand the scope of its investigation beyond Plaintiff's expressed reason for the discrimination. In fact, there is no evidence to show that the EEOC did.

Second, Plaintiff had the opportunity (twice) to check the box for and identify "retaliation" as another basis for her Charge, but she did not. Rather, in both Charges, Plaintiff repeatedly claims only that Express denied her reasonable accommodations – not that Express harassed or retaliated against her.

Third, while Plaintiff did amend her Charge to include a constructive discharge allegation, the undisputed facts show this claim was never part of the EEOC's investigation. Plaintiff amended her Charge to include a constructive discharge claim – six months after her resignation and seven days before the EEOC issued the Right to Sue Letter. By that time, the EEOC had already conducted its fact finding conference and concluded its investigation. Even more telling, the EEOC never gave Express the opportunity to respond to Plaintiff's new claim

of constructive discharge. The EEOC forwarded the Amended Charge to Express on October 11, 2005 – six days after the Right to Sue Letter was issued by the EEOC – and stated that no response was required. Obviously then, there was no investigation on this claim. Simply put, Plaintiff's eleventh hour amendment is not sufficient to satisfy her exhaustion requirement and her constructive discharge claim should be dismissed.

Because the undisputed facts confirm that Plaintiff did not exhaust her administrative remedies on her claims of harassment, retaliation, and constructive discharge under the ADA, she cannot pursue those claims as a matter of law and Express is entitled to judgment in its favor on them.

## IV. **CONCLUSION**

Based on the above-cited arguments and authorities, judgment should be entered in favor of Express on Counts I and II of Plaintiff's Complaint.

Respectfully Submitted,

*/s/ Sheldon K. Rennie (#3772)*
Francis G.X. Pileggi, Esquire (#2624)
Sheldon K. Rennie, Esquire (#3772)
**FOX ROTHCHILD LLP**
Citizens Bank Center, Suite 1300
919 North Market Street, P.O. Box 2323
Wilmington, Delaware 19899-2323
(302) 654-7444 (Tel); (302) 656-8920 (Fax)
E-MAIL: fpileggi@foxrothschild.com
E-MAIL: srennie@foxrothschild.com

-and-

DAVID A. CAMPBELL (#0066494)
*Admitted pro hac vice*
LORI L. FAUVIE (#0076831)
*Admitted pro hac vice*
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114
(216) 479-6100 (Tel);(216) 479-6060 (Fax)
dacampbell@vssp.com; llfauvie@vssp.com

*Attorneys for Defendant*

DATED:  May 2, 2007