**Capital Reporting Company**

Page 1

```
 1          IN THE UNITED STATES DISTRICT COURT FOR THE
 2                    DISTRICT OF COLUMBIA
 3     -----------------------------:
       PAULA PAGONAKIS,             :          ORIGINAL
 4                                  :
 5          Plaintiff,             :
                                    :
            v.                      :    Case No.:
 6                                  :    06-027
       EXPRESS, LLC, a/k/a          :
 7     LIMITED BRANDS, INC.,        :
                                    :
 8          Defendant.             :
                                    :
 9     -----------------------------:
10                                    Washington, D.C.
                                      November 20th, 2006
11
12     Deposition of:
13                    PAULA PAGONAKIS,
14          Called for oral examination by counsel for
15     Plaintiff, pursuant to notice, at the offices of Bailey
16     & Ehrenberg, PLLC, 1155 Connecticut Avenue, N.W., Suite
17     1100, Washington, D.C., beginning at 1:00 p.m, before
18     Teague Gibson of Capital Reporting, a Notary Public.
19
20                    *    *    *    *    *
21
22
```

EXHIBIT

A

**Capital Reporting Company**

Page 31

1      A    Well, I've been working hard at trying to

2  put a work life back together and I have some

3  continuing obstacles and some depression issues.

4      Q    What was Dr. Paviour's expertise in?

5      A    Talk therapy, I believe, would be the

6  answer to that.

7      Q    Where was he located, Virginia or

8  Delaware?

9      A    In Virginia.

10      Q    The first time you saw him was

11  approximately when?

12      A    I don't recall.

13      Q    If you moved to Virginia September 2005

14  did you immediately go or when?

15      A    No, because I had spent some time trying

16  to be employed before I was discouraged to the point

17  to seek help.

18      Q    So just so I understand.  You leave

19  Express, you resign approximately March 2004, do you

20  agree with that?

21      MR. EHRENBERG:  Object to the form, you can

22  answer.

**Capital Reporting Company**

Page 32

1       A    Yes.

2       Q    From that point until you leave Delaware

3   you're seeing on an as needed basis just a family

4   physician, right?

5       A    That's the best of my memory.

6       Q    When you moved to Virginia you decided to

7   see a therapist, why did you start seeing a

8   therapist?

9       A    I explained that.

10       Q    I don't understand.  Is it because you

11   couldn't find another job?

12       A    I'm trying to find meaningful employment

13   so that I can contribute to society and feel

14   fulfilled.  When I try to apply or interview or find

15   something I have obstacles that don't —— that get in

16   my way of presenting myself to my best assets.

17       Q    When you say obstacles what do you mean?

18       A    I have a lot of self confidence issues.  I

19   worry about getting harassed again for things I

20   can't do instead of what I can contribute.  I worry

21   that somebody might see that I need some

22   accommodations and hold that against me because it's

**Capital Reporting Company**

Page 88

1       MR. EHRENBERG:  We'll stipulate that's when the

2    second leave started because that's what the

3    documents show.

4       A    I said that already.

5       MR. EHRENBERG:  Right, so there's nothing left

6    to answer.

7       Q    And your leave was extended all the way

8    through the date of March 18, 2004 when you

9    resigned, correct?

10      MR. EHRENBERG:  Object to the form, you can

11   answer.

12      A    My leave ended and I was supposed to

13   return to work on the 18th and I could not return to

14   work.

15      Q    You remained on leave from February 3,

16   2004 until March 18, 2004 when you decided you

17   couldn't return to work and you submitted a letter

18   of resignation?

19      MR. EHRENBERG:  Object to the form again, you

20   can answer.  And I think the question has already

21   been answered.  She said that she was out on leave

22   from February 3rd through March 18, so you can try

**Capital Reporting Company**

Page 97

1    A    I don't know that I'm going to be able to
2    remember that.  I can't recall at this time.

3    Q    How do you know she was a co-manager when
4    she was working part-time hours?

5    A    She attended all the co-manager meetings.
6    I was told she was a co-manager.  I interacted with
7    her as a co-manager.  I guess as far as court proof
8    I guess I can only assume by those things that she
9    was co-manager.

10    Q    You were paid full-time salary, correct?

11    A    Yes.

12    Q    You worked at Express for quite awhile,
13    right?

14    A    Yes.

15    Q    You were initially hired about 1999?

16    A    '89 or '99, yes.

17    Q    1998 or 1999?  You said '89?

18    A    I worked for them for approximately seven
19    years, whatever that backs out to.

20    Q    Did you understand that each store had so
21    many associate hours per week that it could use?

22    A    Yes.

**Capital Reporting Company**

Page 120

1    Creek Drive, Middletown, Delaware 19709?

2         A    Yes.

3         Q    The Right to Sue letter, why don't we mark

4    this.

5              (Pagonakis Exhibit No. 7 was marked)

6         Q    See Exhibit 7?

7         A    Yes.

8         Q    The Right to Sue letter was mailed to the

9    address the 140 Back Creek Drive that's set forth on

10   your amended charge, correct?

11        A    Yes.

12        Q    When did you receive the Right to Sue

13   letter Exhibit 7?

14        A    I received it on the 17th.

15        Q    Of October?

16        A    Yes.

17        Q    How did you receive it?

18        A    It was forwarded from the Middletown,

19   Delaware Post Office on the 11th.

20        Q    So when did you first contact an attorney

21   after receiving this Right to Sue letter?

22        MR. EHRENBERG:  Going to object to that, if

**Capital Reporting Company**

Page 124

```
1      A    No, I can't recall right now.

2      Q    Why didn't you change your address on the

3  amended charge when you signed it on September 28th,

4  2005?

5      A    Because that's where I lived at that time.

6      Q    So you lived at the Back Creek Drive

7  address on September 28th, 2005?

8      A    I don't know.  That's right around when I

9  was moving.  I don't know exactly.  We were back and

10 forth and closing in the house and I'd have to look

11 at my calendar to see exactly what day I moved

12 officially if you're looking for the official change

13 of address.

14     Q    What did the EEOC investigator tell you

15 about why you were amending the charge?

16     A    That covered from the period from when I

17 first filed and what happened because it was in

18 their files for a very long time so the first was

19 the initial, and then this because I filed while I

20 was still working and this amended was after that.

21     Q    And I guess, again, you knew you were

22 moving, you knew were going to Virginia at some
```

## Capital Reporting Company

Page 125

1    point thereafter?

2        A    Yes.

3        Q    Why wouldn't you change your address in

4    the discrimination amended charge?

5        A    That was done before -- I still lived at

6    that address when that was filled out.

7        Q    When you filled it out on September 28th,

8    2005?

9        A    When I filled this out I was in Delaware.

10       Q    In November 2003 you were asked to provide

11   medical documents to support your accommodation

12   request, correct?

13       A    Correct.

14       Q    That arose because you were scheduled to

15   work some evening hours on a weekly schedule,

16   correct?

17       A    No.

18       Q    Why didn't it arise?

19       A    Because Tara Kessler came into the store

20   on the day that I was at Christiana store and asked

21   to speak with me.  Ana she and I went to Ruby

22   Tuesday's for a meeting and she opened the meeting

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 170-2004-01038 |

and EEOC

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) **Ms. Paula Pagonakis** | Home Phone No. (Incl Area Code) **(302) 376-9858** | Date of Birth **12-18-1952** |
|---|---|---|

Street Address **140 Back Creek Drive, Middletown, DE 19709**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **LIMITED BRANDS, INC. (EXPRESS)  STORE #340** | No. Employees, Members **201 - 500** | Phone No. (Include Area Code) **302-738-9221** |
|---|---|---|

Street Address **SPACE 506, CHRISTIANA MALL, 440 CHRISTIANA MALL ROAD, NEWARK, DE 19702**    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address    City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN ☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | Earliest **12-01-2001**  Latest **11-25-2003** ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

. I have been employed by Limited Brands, Inc. (The "Respondent") since 1998. I am a qualified individual with a disability as defined by the American with Disabilities Act of 1990 (the "ADA"). Since my hire in 1997, I have been provided with reasonable accommodations by the Respondent. The reasonable accommodations included being permitted to work at home; to work a flexible schedule; and to work only daytime hours. On November 25, 2003 I was informed by Tara Kessler, Human Resources Generalist that the Respondent would no longer provide me with a reasonable accommodation because the person who initially provided this accommodation did not have the authority to do so. I was directed to contact Respondent's Human Resources Director and provide him/her with appropriate medical documentation. When I attempted to hand the required documents to Ms. Kessler, she refused to accept them. A women from H.R. Direct, Emily (last name unknown) told me that the handling of reasonable accommodations was Ms. Kessler's responsibility. I am continuing to work but with significant difficulty due to being denied the previously provided reasonable accommodation.

II. I believe that I am being discriminated against (denied reasonable accommodations) because of my disability in violation of the ADA.

JAN 2004

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| _1/30/04_  Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**DEFENDANT'S EXHIBIT** 5 PENGAD 800-631-6989 PAGONAKIS

P005056

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC AMENDED | 170-2004-01038 |

State or local Agency, if any                                    and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Paula Pagonakis | (302) 376-9858 | 12-18-1952 |

Street Address                         City, State and ZIP Code

**140 Back Creek Drive, Middletown, DE 19709**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LIMITED BRANDS, INC. (EXPRESS)  STORE #340 | 201 - 500 | 302-738-9221 |

Street Address                         City, State and ZIP Code

SPACE 506, CHRISTIANA MALL, 440 CHRISTIANA MALL ROAD, NEWARK, DE 19702

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                         City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-01-2001 | 11-25-2003 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I have been employed by Limited Brands, Inc. (The "Respondent") since 1998. I am a qualified individual with a disability as defined by the American with Disabilities Act of 1990 (the "ADA"). Since my hire in 1997, I have been provided with reasonable accommodations by the Respondent. The reasonable accommodations included being permitted to work at home; to work a flexible schedule; and to work only daytime hours. On November 25, 2003 I was informed by Tara Kessler, Human Resources Generalist that the Respondent would no longer provide me with a reasonable accommodation because the person who initially provided this accommodation did not have the authority to do so. I was directed to contact Respondent's Human Resources Director and provide him/her with appropriate medical documentation. When I attempted to hand the required documents to Ms. Kessler, she refused to accept them. A women from H.R. Direct, Emily (last name unknown) told me that the handling of reasonable accommodations was Ms. Kessler's responsibility. I am continuing to work but with significant difficulty due to being denied the previously provided reasonable accommodation.

II. I believe that I am being discriminated against (denied reasonable accommodations) because of my disability in violation of the ADA.

JAN 2004
Received
EEOC - Philadelphia
District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 9/28/05  *(Date)*  *Paula J. Pagonakis* Signature | SIGNATURE OF COMPLAINANT |
| 1/30/04  *Date*  *Paula J. Pagonakis*  Charged Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |



DEFENDANT'S
EXHIBIT
6
PAGONAKIS

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 170-2004-01038 |
| State or local Agency, if any | and EEOC |

THE PARTICULARS ARE *(Continued from previous page)*:

**III.  Since shortly after Kristyn Bosley (age: 30) became Manager in about the Fall 2001, I am not always asked to participate in management discussions and I am never included in management decision making.  All of other Co-Managers are often asked by Ms. Bosley to provide input.  They are also significantly younger than I.**

**IV.  I believe that I am being excluded from participation in certain management activities and decision because of my age, 51, in violation of the Age Discrimination in Employment Act of 1967 based.**

ADDENDUM:

V.  I further allege that I was forced to resign from my position with the Respondent due to the ongoing discrimination and Respondent's continued failure to accommodate me.

JAN 2004
Received
EEOC - Philadelphia
District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 9/28/05  *Date*  1/30/04  *Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:Ms. Paula Pagonakis
    140 Back Creek Drive
    Middletown, DE 19709

From: Equal Employment Opportunity Commission
      Philadelphia District Office
      The Bourse
      21 S. Fifth Street, Suite 400
      Philadelphia, PA  19106-2515

[ ]    *On behalf of person(s) aggrieved whose identity is
       CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 171-2004-01038 | Legal Unit | (215) 440-2828 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available
       for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude
       that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in
       compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised
       by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of
your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state
court.  Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be
lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA under-
payment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso_                    _October 5, 2005_

Enclosure(s)                    Marie M. Tomasso, District Director          *(Date Mailed)*

cc:    Limited Brands, Inc. (Express Store #340)
       David A. Campbell, Esquire (For Respondent)

DEFENDANT'S
EXHIBIT
7
PAGONAKIS