# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PAULA PAGONAKIS,       )      CASE NO. 06-027 SLR
                       )
         Plaintiff,    )
v.                     )
                       )
EXPRESS, LLC, a/k/a      )
LIMITED BRANDS, INC.,   )
                       )
Defendant.

## DECLARATION OF JENNIFER HINKLE
## PURSUANT TO 28 U.S.C. § 1746

Declarant, having been first duly cautioned and sworn, having personal knowledge of the facts stated herein, and being of legal age and of sound mind and memory, does hereby declare as follows:

1.    My name is Jennifer Hinkle.  At all times relevant to this lawsuit, I was a Human Resources ("HR") Manager for Defendant Express, LLC  ("Express" or "Defendant") and supported the Christiana Mall store in Newark, Delaware.

2.    I make this declaration based on my personal knowledge as to which I am competent to testify about if called as a witness in a legal proceeding.  I have reviewed employment records for Plaintiff Paula Pagonakis ("Plaintiff").

3.    Express is a national specialty retailer selling men's and women's fashions and accessories. Each Express store typically is managed by a Store Manager who is typically assisted by one or more Co-Managers. Sales associates report to the management team. In addition, Sales Leaders, a non-management intermediate position, report to the management team. The Sales Leader position is a training position that may lead to management. Express

stores are organized geographically into districts, each district being led by a District Manager. District Managers in turn report to Regional Managers.

4.      The Store Manager and Co-Manager positions (the "Management Team") are all full-time positions. These positions are paid a salary and, due to the fact that each store is budgeted a set number of work hours per week, each employee holding these positions is expected to work full-time hours, or forty hours a week. When the store is opened and closed, a manager must be present.

5.      An essential function of the Co-Manager position is the ability to work on a full-time basis, or forty hours a week in the store, and to be available to open and close the store. The Co-Manager position is not a home-based position.

6.      When accommodations are requested by associates, Store Managers are required to partner with Express' HR department.

7.      If the accommodation is based on medical reasons, the associate is directed to provide relevant medical documentation, supporting the accommodation request, to HR Direct, an entity which collects and reviews associate medical records for Express.

8.      The requested accommodations, without accompanying medical records, are then forwarded to the District Manager and HR Manager for review.

9.      If the accommodations requested are reasonable, the associate will be accommodated and the process will end.

10.      If the accommodations are deemed unreasonable, HR Direct will be notified and a more formal review will take place to determine whether the accommodations are mandated by state and federal disability laws.

11.    In 2003, Plaintiff was promoted to a Co-Manager.  As a Co-Manager, Plaintiff was expected to work forty hours a week, in the store, including be able to open and close the store.  Her accommodations did not allow her to do this.  Plaintiff's modified scheduling resulted in the other managers having to cover the times when Plaintiff's was unavailable.

12.    On or about December 23, 2003, Plaintiff's physician provided medical records to support Plaintiff's requested accommodations.  Those medical records consisted of a one-page list of requested accommodations for Plaintiff.  A complete copy of HR Direct's file containing the information Plaintiff provided to support her requested accommodations is attached hereto as Exhibit A.

13.    The requested accommodations were forwarded to Plaintiff's District Manager, Ana Klancic and to me.  Ms. Klancic and I reviewed them.

14.    Although Plaintiff did not provide medical documentation sufficient to support her accommodation request and although her requested accommodations required Express to modify the essential functions of a Co-Manager position, Express ultimately determined that it would provide the requested accommodations because Plaintiff had been accommodated in this manner for several years.

15.    In order to assist the store in satisfying Plaintiff's work hour restrictions, I authorized additional work hours to be budgeted.  These additional work hours permitted the store to cover the morning and evening hours that Plaintiff could not work.

16.    At no time did Plaintiff provide to me or anyone in management at Express an explanation for her resignation.

17.     Other than this complaint, to my knowledge, Plaintiff never made any complaints of alleged harassment or discrimination to anyone in a management position or the HR Department at Express.

18.     Other than this complaint, to my knowledge, Plaintiff never complained that her accommodations were not being honored to anyone in a management position or the HR Department at Express.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 1, 2007.

JENNIFER HINKLE

4

*Paula Pagonakis*

December 23, 2003

To Whom It May Concern:

Paula Pagonakis is under my care.                                        she needs
the following accomadations with her job:
1. Daylight work hours
2. Well lit work area
3. No climbing
4. No wet work place
5. Periodic break as provided by law
6. Intermitten days off every 3-4 days

Please call our office if you have any additional questions.

Sincerely,



Dr. _____, M.D.

Bb/et



Professional Bldg. – Suite 101, 1320 Philadelphia Pike, Wilmington, DE 19809     302-798-0666
Omega Professional Center, Bldg. B-Suite 89, Omega Drive, Newark, DE 19713     302-738-5500
Glasgow Medical Center, Suite 124, 2800 Glasgow Avenue, Newark, DE 19702     302-836-4200



**Hinkle, Jennifer**

| | |
|---|---|
| **From:** | Kesslar, Tara |
| **Sent:** | Monday, December 22, 2003 9:23 AM |
| **To:** | Hinkle, Jennifer |
| **Subject:** | FW: Compliance |

Sorry.,,,forgot to Cc: you on the response.

Tara
-----Original Message-----
**From:** Kesslar, Tara
**Sent:** Monday, December 22, 2003 9:21 AM
**To:** Arthurs, Shanda
**Subject:** RE: Compliance

I have left messages for her....she has been on a 3 week leave since the week after Thanksgiving.  I am on the phone with HR direct as we speak.  It looks as though it is about to get complicated.

    -----Original Message-----
    **From:** Arthurs, Shanda
    **Sent:** Monday, December 22, 2003 9:19 AM
    **To:** Kesslar, Tara
    **Cc:** Hinkle, Jennifer
    **Subject:** FW: Compliance

    Tara,
    I believe that you had left messages for Paula after HR Direct called me. . .possibly the day after
    Thanksgiving, or the day before.  Have you followed up with her?  THANKS!

    -----Original Message-----
    **From:** PPag4@aol.com [mailto:PPag4@aol.com]
    **Sent:** Friday, December 19, 2003 1:43 PM
    **To:** EXP Region 20011 - Klancic, Ana
    **Cc:** Kesslar, Tara; Arthurs, Shanda; PPag4@aol.com
    **Subject:** Compliance

    Ana,

    I have done as you have asked and waited for you to advise me in regard to requests made by Tara
    Kesslar on November 25th. (Notes from that meeting enclosed)  As you know I immediately called HR
    Direct on the 26th and spoke with Emily who was confused as to why Tara had asked me to call HR
    Direct.  Emily said she would get some information for me.  She called me back saying that she had
    talked with the person Tara reports to and that someone would be in touch with me.  Three times you
    have asked me if I have complied with Tara's requests and three times I have responded that I do not
    know who to talk to and that no one has contacted me.  All three times you told me you would find out for
    me, that I should wait until I hear from you.

    I have still had no word on who to contact or what steps are needed to reinstate my accomodations for
    my disabilities.  I still have the doctor's reports I tried to give to Tara but do not know who needs them.

    As indicated in my voicemail to you, I am on a disability leave.  I had a followup appointment with my
    doctor yesterday, Dec. 18th and he has released me for work on the 23rd.  Susan from HR Direct has
    been handing my case and states that all is in order for me to return to work on the 23rd.  My doctor has
    provided a release indicating that previous accomodations should be provided.  Susan has advised me

3/5/2004

that she has left voicemail and e-mail for Tara to help me discover who I should be speaking with and what type of documentation is required to reinstate my accomodations.  Neither Susan nor I have had any communication from Tara.  Could you please help me with this?  I am attempting to have all things in place for my return to work next Tuesday.

Paula

3/5/2004

## Hinkle, Jennifer

| | |
|---|---|
| **From:** | Hinkle, Jennifer |
| **Sent:** | Tuesday, December 23, 2003 5:09 PM |
| **To:** | 'PPag4@aol.com' |
| **Cc:** | Kesslar, Tara; EXP Region 20011 - Klancic, Ana; Heinrichs, Kristin |
| **Subject:** | RE: (no subject) |

Hi Paula,

Shanda Arthurs was kind enough to forward your message on to me. I've recently joined the Stores HR Team and Tara is one of my direct reports. I've discussed this with Tara and understand that you are back at work as of today with two restrictions – no climbing and no heavy lifting, both of which have been accommodated by the store. I know that you and Tara spoke today and thought it may be helpful to also follow-up over email.

As I understand it, you have been working a modified schedule without being required to provide medical documentation to support it. While I can appreciate that now being asked to provide this information may be frustrating to you, it is nonetheless required. Tara told me that you are in the process of having your medical records transferred from Ohio to Delaware so that your current doctor may provide the necessary documentation. Upon receipt, we will review the restrictions and make every attempt to accommodate you.

This statement should be provided to HR Direct and to your DSM, Ana, and your SSM to ensure that they can manage the schedule accordingly. Tara has offered to help in this process and a copy can be provided to her as well. HR Direct has the responsibility of following up with you if additional information is needed to support the restriction. Neither Tara nor Store Management will be requesting medical documentation other than the actual restrictions you have in place. Again, every effort will be made to accommodate your restrictions once we have the required documentation from your doctor.

Please let me know if you have any questions or if I can provide any additional assistance.

*Thanks!*
Jennifer Hinkle
HR Manager, Express
Ph. 614.415.4720

> -----Original Message-----
> **From:** Arthurs, Shanda
> **Sent:** Tuesday, December 23, 2003 8:53 AM
> **To:** Hinkle, Jennifer
> **Subject:** FW: (no subject)
>
> Jen,
> Thought you should see this

12/30/2003

-----Original Message-----
**From:** PPag4@aol.com [mailto:PPag4@aol.com]
**Sent:** Monday, December 22, 2003 7:15 PM
**To:** Kesslar, Tara
**Cc:** Arthurs, Shanda; EXP Region 20011 - Klancic, Ana
**Subject:** (no subject)

December 22, 2003

Tara,

I spoke with Ana today and was quite surprised that you told her that I did not have my paperwork in to return to work tomorrow after my medical leave. She was also not aware that no one seems to be able to get in touch with you to determine exactly what is needed to reinstate my accommodations for my disabilities.

You declined to accept the doctor's reports I handed you at our meeting. Susan, my case worker at HR Direct made a guess at what it is you may be wanting and said she would try to help me find out, but she also has not been able to get a response from you upon my last conversation with her last Friday.

As was indicated to you in my e-mail, when I contacted HR Direct as instructed by you, HR Direct felt that this is in your area of responsibility. Several people have told me they have been trying to find out what it is you need, no one seems to know. I am currently acting on Susan's suggestion but it is a time consuming and costly activity. I have gathered some of the information needed and have been advised that more archives have been researched and additional reports will be mailed today but may be delayed due to the holiday week.

I have spent much time and over $100 in pursuit of information that may or may not be what you require. I would really appreciate a direct response from you so that time and money spent are not in vein.

Paula Pagonakis

12/30/2003

## Hinkle, Jennifer

| | |
|---|---|
| **From:** | Hinkle, Jennifer |
| **Sent:** | Friday, December 26, 2003 9:43 AM |
| **To:** | 'PPag4@aol.com' |
| **Subject:** | RE: (no subject) |

Thanks for the follow-up Paula. You may want to call Susan @ HR Direct to confirm she received your fax. If you need anything from me, please let me know.

*Thanks!*
Jennifer Hinkle
HR Manager, Express
Ph # 614.415.4720

> -----Original Message-----
> **From:** PPag4@aol.com [mailto:PPag4@aol.com]
> **Sent:** Friday, December 26, 2003 6:49 AM
> **To:** Hinkle, Jennifer
> **Cc:** Heinrichs, Kristin; Kesslar, Tara; EXP Region 20011 - Klancic, Ana
> **Subject:** (no subject)
>
> Ms. Hinkle,
>
> I received a note from my doctor later in the day on the 23rd. I believe it is what was requested. I was able to fax it out at work on the 24th. I am not sure what your fax number is, I sent it to the same number Susan at HR Direct gave me. I also sent a copy to Susan and Ana. I do not have a fax number for Tara but was told by Tara that Ana would forward it to her. I hope my file is complete with the information needed so I can continue to contribute my knowledge, skills, experience and abilities to the advancement of the company which in turn creates personal growth for myself. If there is anything else needed, please advise.
>
> Sincerely,
>
> Paula J. Pagonakis

12/30/2003

## Hinkle, Jennifer

| | |
|---|---|
| **From:** | Hinkle, Jennifer |
| **Sent:** | Monday, December 29, 2003 1:08 PM |
| **To:** | 'PPag4@aol.com' |
| **Cc:** | EXP Region 20011 - Klancic, Ana |
| **Subject:** | RE: (no subject) |

Hi Paula, Susan faxed me a copy of your restrictions. It is now up to Ana and your Store Manager to determine if they can make the accommodations outlined by your doctor.

Ana, if you have any questions, or need any assistance while Tara is on PTO, please let me know.

Thanks,
Jennifer Hinkle
HR Manager, Express

> -----Original Message-----
> **From:** PPag4@aol.com [mailto:PPag4@aol.com]
> **Sent:** Friday, December 26, 2003 4:46 PM
> **To:** Hinkle, Jennifer
> **Subject:** Re: (no subject)
>
> Ms. Hinkle,
>
> I have to again thank you for your direct and clear communication. I will follow up with Susan as recommended.
>
> Paula J. Pagonakis

12/30/2003

## Hinkle, Jennifer

**From:** Hinkle, Jennifer
**Sent:** Monday, December 29, 2003 1:31 PM
**To:** EXP Region 20011 - Klancic, Ana
**Subject:** RE: (no subject)

Yes and no, we do make every attempt to make an accommodation for an associate.  We do however, always have the ability to say the restrictions are too severe and we cannot work with them.  In these situations we would work with the lawyers to ensure we were OK with our position.  In Paula's situation we may not have a choice because she has been working only day hours for years and years.  It would be hard for us now to say that we couldn't accommodate her in this area.  Does that make sense?

Have you received a copy of the restrictions?  If so, what are your thoughts?  If you want to discuss live today, call me at 614-226-6694.

Thanks Ana.

> -----Original Message-----
> **From:** EXP Region 20011 - Klancic, Ana
> **Sent:** Monday, December 29, 2003 1:12 PM
> **To:** Hinkle, Jennifer
> **Subject:** RE: (no subject)
>
> Hi Jennifer, thank you for getting this matter taken care of. But I do have a question? Do I really have a choice, but to accommodate her disability?
>
>> -----Original Message-----
>> **From:** Hinkle, Jennifer  o
>> **Sent:** Monday, December 29, 2003 1:08 PM
>> **To:** PPag4@aol.com
>> **Cc:** EXP Region 20011 - Klancic, Ana
>> **Subject:** RE: (no subject)
>>
>> Hi Paula, Susan faxed me a copy of your restrictions.  It is now up to Ana and your Store Manager to determine if they can make the accommodations outlined by your doctor.
>>
>> Ana, if you have any questions, or need any assistance while Tara is on PTO, please let me know.
>>
>> Thanks,
>> Jennifer Hinkle
>> HR Manager, Express
>>
>>> -----Original Message-----
>>> **From:** PPag4@aol.com [mailto:PPag4@aol.com]
>>> **Sent:** Friday, December 26, 2003 4:46 PM
>>> **To:** Hinkle, Jennifer
>>> **Subject:** Re: (no subject)
>>>
>>> Ms. Hinkle,
>>>
>>> I have to again thank you for your direct and clear communication.  I will follow up with Susan as recommended.
>>>
>>> Paula J. Pagonakis

12/30/2003

## Hinkle, Jennifer

| | |
|---|---|
| **From:** | PPag4@aol.com |
| **Sent:** | Monday, December 29, 2003 6:06 PM |
| **To:** | Hinkle, Jennifer |
| **Cc:** | EXP Region 20011 - Klancic, Ana |
| **Subject:** | Re: (no subject) |

Ms. Hinkle,

I am glad you have received the copy of accommodations needed. Hopefully, all parties needing them, now, have them. If anything further is needed, please do not hesitate to inform me and I will be happy to provide whatever is needed as soon as possible.

FYI: Ana and I have been discussing and working with accommodating my disabilities all along until Tara came into my store and told me that Ana did not have the authority to work with me in this regard and took my accomodations away. Now you are saying it is up to Ana and the store manager to provide these accomodations.

A lot of time, effort and expense for all parties concerned was expended in this exercise. Sorry if I am venting but this has been frustrating, causing me much stress and has cast me in a negative light within the company. It seems to me, all that was needed was an update of my disabilities.

Once again, I appreciate your intervention in providing clarity and direction contributing to the resolution of this matter.

Sincerely,

Paula J. Pagonkais

3/5/2004

**nos, Susan**

**m:**     Hinkle, Jennifer

**it:**     Thursday, March 25, 2004 10:19 AM

         Manos, Susan

**bject:** Paula Pagonakis

usan, thanks for your time yesterday to talk through Paula.  I received the fax of her resignation letter but it wasn't clear at all.  Can you copy it and
id it via interoffice mail?

romised, below is the information for our Vory's attorney:

rid Campbell
. 464-6432
x 719-4654

dress:
rys, Sater, Seymour and Pease LLP
East Gay St.
Box 1008
olumbus, OH 43216-1008

ease send him a complete copy of your file.  Thanks so much!!!

hen do you think you can send it out?  I'd like to give him an estimated date.

Thanks!

Jennifer Hinkle
e Manager, Express
#614.415.4720
Cell Ph # 614.205.6339
# 4720
entigram # 4720
ax # 614.415.4340

March 14, 2005

Ana Klancic

CC:    Susanne HR Bartle
       Kristyn Bartle

Dear Ana,

Please accept this

TOTAL CARE PHYSICIANS, P.A.

[ ] Pike/Lephila Pike Office [ ] Concord Office [X] Glasgow Office

## RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: Paula Fagundes ___ has been under my care since

3/15/04 ___ to ___ 3/12/04 ___ and is able to return to work on

3/18/04 ___ I certify that this patient is able to assume performing

the function of his/her position with reasonable accommodation. Necessary

accommodation(s) is/are as follows(s) _____

_____

_____

Dr. Padilla/e ___ 3/11/04

Health Care Provider                    Date

I am allowing my health care provider to release to my employer the reason for my absence from

work. _____

_____ Diagnosis

Patient's Signature

TOTAL CARE PHYSICIANS, P.A.

[ ] Philadelphia Pike Office [ ] Omega Office [X] Glasgow Office

## RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: _Paula Pacunaxis_____ has been under my care from

_3/15/04_____ to ____3/17/04_____ and is able to return to work on

_____3/18/04_____. I certify that this patient is able to resume performing

the function of his/her position with or without reasonable accommodation. Necessary

accommodation(s) is/are as follow(s): _____

_Dr. Badillo/e_____        _3/11/04_____

       Health Care Provider                                Date

I am allowing my health care provider to release to my employer the reason for my absence from

work. _____                      _____

       Patient's Signature                                Diagnosis

Total Care Physicians, P.A.
Family Medicine Office
Glasgow Medical Center
2600 Glasgow Avenue
Newark, DE 19702
Suite 124

302-836-4200 (voice)
302-836-8431 (fax)

TO: Susan

FAX NUMBER: 614-577-6396.

FROM: Hene

DATE: 3/15/04.

RE: Paula Payonakis.

TOTAL NUMBER OF PAGES BEING SENT, including cover page:

The document(s) accompanying this facsimile transmission contains(s) information from Total Care Physicians, P.A., which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named of the facsimile transmitted cover sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this faxed information is strictly prohibited, and the document should be returned to Total Care Physicians, P.A. immediately. Therefore, if you have received this fax in error, please notify the sender so that he/she can arrange for the return of the original document(s). Thank You!

**Section 2: To Be Completed by Employee (FAX OR MAIL COMPLETED FORM TO MAILING ADDRESS ON NEXT PAGE)**

Name (First, MI, Last): PAULA I. PAGONAKIS   Date of Birth (MM/DD/YY): 12-18-52   Gender: ☐M ☑F

Address: 140 BACK CREEK DR.   City: MIDDLETOWN   State: DE   Zip Code: 19709   E-mail Address: Ppag4@AOL.com

Home Phone #: (302)376-7858   Marital Status: ☑Married ☐Single ☐Other   Federal Tax Status: ☑Married ☐Single   Tax Exemptions (Number):   Date Disability Began: 2-18-04

Is your disability due to ☑ Illness? ☑ Injury/Accident? If due to injury/accident, provide Date _____ Time _____ AM☐ PM☐

Provide Details (Where and How): FATIGUE/EXHAUSTION SEVERE KNEE PAIN - EXCERATING

Is this condition work related? ☐ Yes ☐ No   Automobile Related? ☐ Yes ☑No

Name of physicians/providers who have treated you for this condition within the past 12 months

Name of Physician/Provider: Rene' BADILLO   Phone Number: 302-831-4200   Dates of Treatment From 2/18 To 3/2/04   Physician Specialty: FAMILY PHYSICIAN

From _____ To _____

Please describe what prevents you from performing the duties of your job:

**Authorization to Disclose Information About Me**

For purposes of determining my eligibility for disability benefits and the administration of my employer's disability benefit plan (which may include assisting me in returning to work):

1. I permit: any insurer, physician or other medical/treating practitioner, hospital, clinic, other medical related facility or service, employer, government agency, group policyholder, contractholder or benefit plan administrator to disclose to Metropolitan Life Insurance Company ("MetLife"), my employer in its capacity as administrator of its disability benefit plan, and any consumer reporting agencies, investigative agencies, attorneys, and independent claim administrators acting on MetLife's behalf, any and all information about my health, medical care, employment, and disability claim.

2. I permit MetLife to disclose to my employer in its capacity as administrator of its disability benefit plan any and all information about my health, medical care, employment, and disability claim.

This Authorization to Disclose Information About Me specifically includes my permission to disclose findings on: medical care or surgery; psychiatric or psychological care or examinations; and alcohol or drug abuse including any data protected by Federal Regulations 42 CFR Part 2 or other applicable laws. Information concerning mental-illness, HIV, AIDS, HIV related illnesses and sexually transmitted diseases or other serious communicable diseases may be controlled by various laws and regulations. I consent to disclosure of such information, but only in accordance with laws and regulations as apply to me.

I understand that I may revoke this authorization at any time by writing to MetLife Disability at P.O. Box 14590, Lexington, KY 40511-4590. If I do not, it will be valid for 24 months or the duration of my claim for benefits, whichever period is shorter. A photocopy of this authorization is as valid as the original form and I have a right to receive a copy of this authorization on request.

Signature of Employee: _Paula J. Pagonakis_   Date: 3-2-04

**Section 3: To Be Completed by Attending Physician**

This report is to assist us in making a disability determination that impacts income replacement for your patient. A MetLife claim representative may telephone your office if additional information is needed.

Patient Name: Paula Pagonakis   Date Disability Began: 2/18/04   Expected Return to Work Date: ☑ (No)

Initial date of treatment for this disability: 2/2/04   Most recent date of treatment: 3/18/04   Is condition work-related? ☐ Yes ☑No

Primary ICD-9: 844.9   Diagnosis: (R) knee Sprain

Secondary ICD-9: _____   Diagnosis: _____

Objective Findings: Patellar tender (+) Apley / McMurray test

CPT-4: _____   Procedure: _____   Date: _____

If pregnancy, delivery date _____   ☐ Expected   ☐ Actual   Type of delivery: _____

If patient has been hospitalized ☐ Inpatient ☐ Outpatient Admitted _____ Discharged _____

Treatment Plan: ☑Additional Testing ☑Medication ☐Therapy ☐Surgery ☐Hospitalization ☑Referral to orthopedic Other (Describe) _____

Medications prescribed (names, dosages): Vioxx 25g one daily

Any temporary restrictions? ☐ Yes ☐ No  If yes, please indicate the specific restrictions which apply: ☐ Reduction in work hours to _____ per day or week  ☐ Restriction in lifting to _____ pounds ☐ Other (Please specify) _____   How long will restrictions be in effect: _____

Reason for restrictions: _____

Signature: _____   Specialty: I.M.   Tax ID #: _____

Street Address: 2600 Glasgow Av Ste 114   Date: 3/2/04

City/State/Zip: Newark DE 19702

E-mail Address: _____   Telephone # (302) 836 4200   Fax # (302) 836 8431

## DISABILITY CLAIM FOR ACCIDENT & SICKNESS (A&S)/
## SHORT TERM DISABILITY (STD)/SALARY CONTINUANCE

Instructions for completing the claim form:
1. Complete all applicable areas of the claim form. Please print clearly.
2. Please sign-a) bottom of this page and b) Fraud Statement.
3. Faxing this claim form will expedite receipt and eliminate your need to mail it.

Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590
Fax: 1-866-690-1264

| Section 1: To Be Completed by the Employer | | | |
|---|---|---|---|
| Name of Employer **Limitedbrands, Inc.** | Group Report # **84080** | Sub-Code # (Sub-Division) | Sub-Point # (Branch) |

| Address | City | State | Zip Code | Subsidiary or Division Name |
|---|---|---|---|---|

| Contact Person's Name | Phone # ( ) |
|---|---|
| Contact Person's E-mail Address | FAX # ( ) |

| Employee Name (First, MI, Last) **PAULA PACONAKN** | Social Security N | Employee ID # |
|---|---|---|

| Date of Hire **10-3-99** | Job Title **CO-MGR** | Job Class ☐ Sedentary  ☐ Light  ☐ Medium  ☐ Heavy  ☐ Very Heavy |
|---|---|---|

| Work Location Address | Work Phone # ( ) |
|---|---|
| Supervisor Name | Supervisor's E-Mail Address | Phone # ( ) |

Is condition work-related? ☐ Yes  ☐ No. If yes, provide: W/C Carrier Name _____

W/C Contact Person's Name _____ Phone # ( ) _____ Worker's Comp. Claim # _____

| Date Last Worked **2 3-04** | First Date of Absence **2-3-04** | Date Returned To Work ☐ Actual ☐ Estimated | Eff. Date of Coverage | Basic Earnings (exclusive of overtime, bonus, etc.) $ **692.31** ☐ Hourly  ☑ Weekly  ☐ Bi-weekly  ☐ Monthly  ☐ Annual |
|---|---|---|---|---|

| Premium contributions Employer _____% Employee _____% | ☐ Pre-Tax ☐ Post-Tax | Benefit Amount | Payroll Classification ☐ Exempt  ☐ Non-Exempt  ☐ Salaried  ☐ Hourly ☐ Union  ☐ Non Union  ☐ Other _____ |
|---|---|---|---|

| Employee's Status As Of First Day Absent | ☐ Active ☐ LOA ☐ Terminated | ☐ Vacation ☐ Laid Off ☐ Retired | Hours Worked Per Week _____ ☐ Full Time  ☐ Part Time Scheduled Work Week ☐ M  ☐ Tu  ☐ W  ☐ Th  ☐ F  ☐ Sa  ☐ Su Is work week regular _____ or variable _____ |
|---|---|---|---|

If other than Active, please explain

| If STD buy up, date enrollment card signed | LTD Coverage? ☐ Yes  ☐ No |
|---|---|

Can employee's job be modified/accommodated? ☐ Yes  ☐ No   If yes, please describe.   Has return to work been discussed with employee? ☐ Yes  ☐ No

To the best of your knowledge, indicate if the employee has filed or is receiving income from any of the following sources:

| | Applied for | Receiving | $ Amount | Frequency | From/To Dates |
|---|---|---|---|---|---|
| Salary Continuance/Sick Leave | ☐ | ☐ | | | |
| Workers' Compensation | ☐ | ☐ | | | |
| State Disability | ☐ | ☐ | | | |
| Other (Please identify) | ☐ | ☐ | | | |

Provide weekly deduction amounts, if applicable:

| | Pre Tax | Post Tax | $ Weekly Amount |
|---|---|---|---|
| Medical | ☐ | ☐ | |
| Life | ☐ | ☐ | |
| Dental | ☐ | ☐ | |
| LTD | ☐ | ☐ | |
| Other (Please identify) _____ | ☐ | ☐ | |

| Authorizing Signature | Date |
|---|---|



001030300001810100GC

284-S-8718

## TOTAL CARE PHYSICIANS, P.A.

[ ] Philadelphia Pike Office [ ] Omega Office [?] Glasgow Office

### RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: Paula Pogonaki S. has been under my care from

2/3/04 to 2/18/04 and is able to return to work on :

2/18/04 I certify that this patient is able to resume performing

the function of his/her position with or without, reasonable accommodation. Necessary

accommodation(s) is/are as follow(s):

Dr. Anamaro (Cath) 2/3/04

Health Care Provider

TOTAL CARE PHYSICIANS PA
Da4600 GLASGOW AVE
SUITE D4
NEWARK, DE 4300

I am allowing my health care provider to release to my employer the reason for my absence from

work _____

Patient's Signature

Fatigue

Diagnosis

TOTAL CARE PHYSICIANS, P.A.

( ) Philadelphia Pike Office  ( ) Omega Office  ( ) Glasgow Office

## RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: _____

3/8/04 to 3/8/04 _____ has been under my care from

the function of his/her position with or without reasonable accommodation. Necessary ___ and is able to return to work on _____ I certify that this patient is able to resume performing

accommodation(s) is/are as follows(s): _____

_____
Health Care Provider                    3/11/04

_____
Patient's Signature

I am allowing my health care provider to release to my employer the reason for my absence from
work.

@ Knee pain - Depression
Diagnosis

TOTAL CARE PHYSICIANS, P.A.
2600 GLASGOW AVE.
SUITE D4
NEWARK, DE 19702

## Payroll Notification of Leave of Absence

☒ Revised as of 3/3/04

Associate Name: Paula Pagonakis
SSN: 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

Region/District: 20/11
Store/Dept: 340

Business (check box):
☐ BBW & White Barn Candle Company
☐ Henri Bendel
☐ Limited Logistics Services
☐ Limited Stores
☐ Structure
☐ Victoria's Secret Direct
☐ Limited Technology Services
☒ Express
☐ Lerner NY
☐ Limited Service Group
☐ Mast Industries(use other form)
☐ Victoria's Secret Beauty
☐ Victoria's Secret Stores
☐ Victoria's Secret Store Planning

Type of Leave:
☐ FMLA
☒ Medical
☐ Military
☐ Personal
☐ Worker's
Compensation

Leave Effective Date:
2/3/04

Partial LOA:
☐ Yes  ☒ No

Pay Status:
☒ Salaried
☐ Hourly

Partial LOA Effective Date:

Work Status:
☒ Full-time
☐ Part-time

Hours Reduced To:

FMLA Start Date: 2/3/04                    FMLA End Date: 4/12/04
                    Est. Return Date (if known): unknown___

Pay Information (reported in hours):

| Week Ending Date | Injury Pay | Partial Hours | PTO | STD | Unpaid Hours | Comments |
|---|---|---|---|---|---|---|
| 01/24/04 | | | | | | |
| 01/31/04 | | | | | | |
| 02/07/04 | | | | 23.26 PD | | |
| 02/14/04 | | | | 40 pd | | |
| 02/21/04 | | | | 28.48 pd | | Please pay an additional 11.52 STD hours |
| 02/28/04 | | | | 32.74 | | Please pay remaining STD hours |
| 03/06/04 | | | | | | |
| 03/13/04 | | | | | | |
| 03/20/04 | | | | | | |
| 03/27/04 | | | | | | |
| 04/03/04 | | | | | | |
| 04/10/04 | | | | | | |
| 04/17/04 | | | | | | |
| 04/24/04 | | | | | | |
| 05/01/04 | | | | | | |
| 05/08/04 | | | | | | |
| 05/15/04 | | | | | | |

Additional Information:

Case Manager: Susan Manos
/04

Date of Notification: 2/6/04

<<For payroll use only>>       Work state:          Salary:                    revised 7/1/02

Total Care Physicians, P.A.
Family Medicine Office
Glasgow Medical Center
2600 Glasgow Avenue
Newark, DE 19702
Suite 124

302-836-4200 (voice)
302-836-8431 (fax)

TO: Susan

FAX NUMBER: 614-577-6396

FROM: Lu

DATE: 2/17/04

RE: Paula Pasonakis

TOTAL NUMBER OF PAGES BEING SENT, including cover page: 2

_____
_____
_____
_____
_____
_____

The document(s) accompanying this facsimile transmission contains(s) information from Total Care Physicians, P.A., which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named of the facsimile transmitted cover sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this faxed information is strictly prohibited, and the document should be returned to Total Care Physicians, P.A. immediately. Therefore, if you have received this fax in error, please notify the sender so that he/she can arrange for the return of the original document(s). Thank You!

# HRDIRECT
**THE ONE RESOURCE FOR YOUR BENEFITS INFORMATION**

February 6, 2004

Paula Pagonakis
140 Back Creek Dr.
Middletown, DE  19709

Dear Paula:

You have been granted leave in accordance with the Family and Medical Leave Act (FMLA) for your own medical condition.

Your leave under FMLA began on 2/3/04.  Please be aware of the following expectations and obligations:

- The leave will be counted against your Family and Medical Leave Act (FMLA) entitlement of 12 weeks;

- The Company reserves the right to require you to furnish medical certification of your own or your family member's health condition.  You have already provided such certification;

- In the case of a leave for your own serious health condition, you will be required to present a fitness for duty certificate to be returned to employment;

- The Company may require substitution of paid leave under certain circumstances if you have remaining vacation time, sick time, or disability time.

- You will be required to give periodic updates on your status and your intent to return to work;

- Ordinarily, you will have a right to be returned to the same or an equivalent job upon your return from leave;

If you do not plan to return to work as of the end of your approved leave, please contact your Manager/Supervisor and HR Direct at 1-866-473-4728.  If you fail to report to work at the end of your approved leave, the Company will assume you wish to voluntarily resign.

If you have any questions concerning your rights and obligations under FMLA, please contact HR Direct.

Sincerely,



Susan Manos
Case Management Consultant

THE LIMITED, INC./INTIMATE BRANDS, INC.
Four Limited Parkway East
Reynoldsburg, Ohio 43068
1.866.HRDIRECT (1.866.473.4728)
Fax 614.577.6396

## Payroll Notification of Leave of Absence
## Return to Work or Termination

Associate Name: Paula Pagonakis                          SSN: 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
Business (check box):
☐ BBW & White Barn Candle Company          ☒ Express
☐ Henri Bendel                                              ☐ Lerner NY
☐ Limited Logistics Services                            ☐ Limited Service Group
☐ Limited Stores                                            ☐ Mast Industries
☐ Structure                                                    ☐ Victoria's Secret Beauty
☐ Victoria's Secret Direct                               ☐ Victoria's Secret Stores
☐ Limited Technology Services                          ☐ Limited Store Planning


Reg./Dist._20/11 __          Store:_340 _____

☒ Return to Work:
☐ Termination                  Reason for Term:

Effective Date: _12/23/03          Insurance Cancellation Date: _____
                                                      (for terminations only)
FMLA hours to credit: _88_

Please deduct an additional: $ from each of the next ☐ 1, ☐ 2 or ☐ 3 pay periods
                                        *Total back premium due  =  $*
Associate owes $ per week for weeks ending
Case Manager: Susan Manos                  Date of Notification: 12/29/03

Form Revised: 2/8/02

December 23, 2003

To Whom It May Concern:

Paula Pagonakis is under my care.                                    she needs
the following accomadations with her job:
1.  Daylight work hours
2.  Well lit work area
3.  No climbing
4.  No wet work place
5.  Periodic break as provided by law
6.  Intermitten days off every 3-4 days

Please call our office if you have any additional questions.

Sincerely,

Dr. Jeanillo, M.D.

Rb/et



Professional Bldg. – Suite 101, 1320 Philadelphia Pike, Wilmington, DE  19809      302-798-0665
Omega Professional Center, Bldg. B-Suite 89, Omega Drive, Newark, DE  19713      302-738-5500
Glasgow Medical Center, Suite 124, 2600 Glasgow Avenue, Newark, DE  19702      302-836-4200

Paula Pagonakis  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


Due to MVA in 1995, associate has long-term permanent restrictions –
1. cannot drive at night - must work daylight hours,
2, must have quiet time for projects that involve thought,
3. must take breaks as needed as dictated by law,
4. must be able to take lunch breaks,
5, cannot go into dark places or climb ladders.

Associate is over 50
She states her accommodations have been met for 7 years

2/23/03

TO: H.R. DIRECT

ATTN SUSAN

FROM PAULA PAGONAKIS
STORE 340

---

TOTAL CARE PHYSICIANS, P.A.

[ ] Philadelphia Pike Office [ ] Omega Office [X] Glasgow Office

## RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: Paula Pagonakis has been under my care from
12-8-03 to 12-22-03 and is able to return to work on
12-23-03 . I certify that this patient is able to resume performing
the function of his/her position with or without reasonable accommodation. Necessary
accommodation(s) is/are as follow(s): needs previous accommodations .

Bedillo @                              12-8-03
Health Care Provider          Date TOTAL CARE PHYSICIANS, P.
                                      2600 GLASGOW AVE.
                                      SUITE 124
                                      NEWARK, DE 19702

I am allowing my health care provider to release to my employer the reason for my absence from
work.

Patient's Signature                        Diagnosis

Exp
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

/Total Care Physicians; P.A.
Family Medicine Office
Glasgow Medical Center
Suite 124
2600 Glasgow Avenue
Newark, DE 19702

302-836-4200 (voice)
302-836-8431 (fax)

TO: Susan

FAX NUMBER: 414-577-6396

FROM: Lu

DATE: 12|10

RE:

TOTAL NUMBER OF PAGES BEING SENT, including cover page:

---

TOTAL CARE PHYSICIANS, P.A.

[ ] Philadelphia Pike Office [ ] Omega Office [✓] Glasgow Office

## RETURN TO WORK MEDICAL CERTIFICATION

Patient Name: Paula Pagonakis _____ has been under my care from
12/8/03 _____ to 12/22/03 _____ and is able to return to work on
12/23/03 _____. I certify that this patient is able to resume performing
the function of his/her position with or without reasonable accommodation. Necessary
accommodation(s) is/are as follow(s): ~~no ate~~ Flex time hours; no lifting
at nite; no climbing

Dr. Bradley C _____          12/10/03
    Health Care Provider                          Date

---

I am allowing my health care provider to release to my employer the reason for my absence from
work. _____          Depression / Olat Epicondritis
    Patient's Signature                          Diagnosis

# HRDIRECT

THE ONE RESOURCE FOR YOUR BENEFITS INFORMATION

December 10, 2003

Paula Pagonakis
140 Back Creek Dr.
Middletown, DE  19709

Dear Paula:

You have been granted leave in accordance with the Family and Medical Leave Act (FMLA) for your own medical condition.

Your leave under FMLA began on 12/8/03.  Please be aware of the following expectations and obligations:

• The leave will be counted against your Family and Medical Leave Act (FMLA) entitlement of 12 weeks;

• The Company reserves the right to require you to furnish medical certification of your own or your family member's health condition.  You have already provided such certification;

• In the case of a leave for your own serious health condition, you will be required to present a fitness for duty certificate to be returned to employment;

• The Company may require substitution of paid leave under certain circumstances if you have remaining vacation time, sick time, or disability time.

• You will be required to give periodic updates on your status and your intent to return to work;

• Ordinarily, you will have a right to be returned to the same or an equivalent job upon your return from leave;

If you do not plan to return to work as of the end of your approved leave, please contact your Manager/Supervisor and HR Direct at 1-866-473-4728.  If you fail to report to work at the end of your approved leave, the Company will assume you wish to voluntarily resign.

If you have any questions concerning your rights and obligations under FMLA, please contact HR Direct.

Sincerely,


Susan Manos
Case Management Consultant


THE LIMITED, INC./INTIMATE BRANDS, INC.
Four Limited Parkway East
Reynoldsburg, Ohio 43068
1.866.HRDIRECT (1.866.473.4728)
Fax 614.577.6396