## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-027 (SLR) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EXPRESS, LLC, a/k/a/ | ) | |
| LIMITED BRANDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF PAULA PAGONAKIS

I, Paula Pagonakis, the plaintiff in the captioned-matter, do herby affirm and solemnly declare pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years of age and if called to testify at trial would be competent to testify as to the matters set forth below.

2.      I worked for Defendant from approximately 1999 through March 18, 2004, at which time I was forced to resign due to Defendant's failure to accommodate me.

3.      I lived in or around Wilmington, Delaware from approximately June 2000 through early September 2005.

4.      On or about January 30, 2004, I filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging unlawful discrimination based on disability.  In this charge, (her "original charge").  Attached hereto at exhibit 1 is a true and correct copy that charge of discrimination.

5.    The EEOC conducted an investigation into my charge of discrimination, including the facts surrounding the retaliation I suffered at the hands of Defendant and its agents.

6.    I moved to Charlottesville, Virginia in September 2005 – approximately six months after my employment with Defendant ended.

7.    On or before September 21, 2005, I notified the EEOC of my new address, in Charlottesville, Virginia. Attached hereto at exhibit 2 are true and correct portions of my testimony at deposition relevant to this statement.

8.    The notes of the EEOC investigator handling my charge of discrimination confirm that, as of September 21, 2005, I had notified the EEOC that I was moving to Virginia and had provided the EEOC with my new address. Attached hereto at exhibit 3 are the notes of the EEOC investigator demonstrating that, as of September 21, 2005, I had notified the EEOC of my new address – these notes also recognize that the amended charge of discrimination was to be sent to my new address.

9.    At or around this time, and at the behest of the investigator handling my charge of discrimination, I amended my charge of discrimination to reflect the fact that I had been constructively discharged from my employment with Defendant.

10.    In recognition of my new address in Charlottesville, Virginia, the EEOC mailed the amended charge to my address in Charlottesville, Virginia. Attached hereto as exhibit 4 is a true and correct copy of the EEOC's letter to me of September 21, 2005.

11.    I received the amended charge of discrimination six days after it was mailed from Philadelphia, Pennsylvania to Charlottesville, Virginia. On the day after I

received the amended charge of discrimination, September 28, 2005, I signed the amended charge.

12.    The EEOC issued me a notice of right to sue letter with regard to the charges of discrimination dated October 5, 2005. Attached hereto as exhibit 5 is a true and correct copy of the right to sue letter.

13.    Despite having my new address in Charlottesville, Virginia, (and despite the fact that the EEOC had previously mailed the amended charge to my new address in Virginia), the EEOC nevertheless mistakenly mailed the right to sue letter to my old address in Delaware.

14.    According to the post-markings on the envelope containing the right to sue letter, it took the U.S. Postal Service six days (until October 11, 2005), in order to readdress the right to sue letter to my correct address in Virginia. Attached hereto as exhibit 5 is a true and correct copy of the envelope which contained the right to sue letter. I promptly wrote on the envelope and letter the date that I received the letter – October 17, 2005. Attached hereto at exhibit 6 is a true and correct copy of portions of my deposition transcript that bear on this issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of May 2007 at Charlottesville, Virginia

Paula Pagonakis

# Exhibit 1

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form

| Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 170-2004-01038 |

and EEOC

_State or local Agency, if any_

| Name (Indicate Mr, Ms, Mrs.) | Home Phone No (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Paula Pagonakis** | (302) 376-9858 | 12-18-1952 |

| Street Address | City, State and ZIP Code |
|---|---|
| **140 Back Creek Drive, Middletown, DE 19709** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| **LIMITED BRANDS, INC. (EXPRESS)  STORE #340** | 201 - 500 | 302-738-9221 |

| Street Address | City, State and ZIP Code |
|---|---|
| SPACE 506, CHRISTIANA MALL, 440 CHRISTIANA MALL ROAD, NEWARK, DE 19702 | |

| Name | No Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **12-01-2001**    Latest: **11-25-2003**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I have been employed by Limited Brands, Inc. (The "Respondent") since 1998. I am a qualified individual with a disability as defined by the American with Disabilities Act of 1990 (the "ADA"). Since my hire in 1997, I have been provided with reasonable accommodations by the Respondent. The reasonable accommodations included being permitted to work at home; to work a flexible schedule; and to work only daytime hours. On November 25, 2003 I was informed by Tara Kessler, Human Resources Generalist that the Respondent would no longer provide me with a reasonable accommodation because the person who initially provided this accommodation did not have the authority to do so. I was directed to contact Respondent's Human Resources Director and provide him/her with appropriate medical documentation. When I attempted to hand the required documents to Ms. Kessler, she refused to accept them. A women from H.R. Direct, Emily (last name unknown) told me that the handling of reasonable accommodations was Ms. Kessler's responsibility. I am continuing to work but with significant difficulty due to being denied the previously provided reasonable accommodation.

II. I believe that I am being discriminated against (denied reasonable accommodations) because of my disability in violation of the ADA.

JAN 2004

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT |
| _[signature]_  1/30/04  Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

P001380

# Exhibit 2

## Capital Reporting Company

Page 124

1      A    No, I can't recall right now.

2      Q    Why didn't you change your address on the

3    amended charge when you signed it on September 28th,

4    2005?

5      A    Because that's where I lived at that time.

6      Q    So you lived at the Back Creek Drive

7    address on September 28th, 2005?

8      A    I don't know.  That's right around when I

9    was moving.  I don't know exactly.  We were back and

10   forth and closing in the house and I'd have to look

11   at my calendar to see exactly what day I moved

12   officially if you're looking for the official change

13   of address.

14     Q    What did the EEOC investigator tell you

15   about why you were amending the charge?

16     A    That covered from the period from when I

17   first filed and what happened because it was in

18   their files for a very long time so the first was

19   the initial, and then this because I filed while I

20   was still working and this amended was after that.

21     Q    And I guess, again, you knew you were

22   moving, you knew were going to Virginia at some

**Capital Reporting Company**

Page 125

1   point thereafter?

2        A     Yes.

3        Q     Why wouldn't you change your address in

4   the discrimination amended charge?

5        A     That was done before -- I still lived at

6   that address when that was filled out.

7        Q     When you filled it out on September 28th,

8   2005?

9        A     When I filled this out I was in Delaware.

10       Q     In November 2003 you were asked to provide

11   medical documents to support your accommodation

12   request, correct?

13       A     Correct.

14       Q     That arose because you were scheduled to

15   work some evening hours on a weekly schedule,

16   correct?

17       A     No.

18       Q     Why didn't it arise?

19       A     Because Tara Kessler came into the store

20   on the day that I was at Christiana store and asked

21   to speak with me.  Ana she and I went to Ruby

22   Tuesday's for a meeting and she opened the meeting

Exhibit 3

| Charge Number | Case Name |
|---|---|
| 170-2004-01038 | Pazonakis v. Limited Brands |

**Date** — **Entries and initials**

**(8/26/05 cont)** Explained previous FFC, where hub was offended by company's characterization of cps grief. Offered to let him attend if he agrees to be observer only & not to get emotionally involved. He will make changes to his schedule & attend. (GW)

**9-8-05** Msg fr RA Dave Campbell. Unable to adjust schedule & attend FFC on 9/14 (GW)

**9-9-05** Call to RA. Need letter not avail for 9/14 & why. Also new date: He is avail 9/19 & 9/20 FFC 9/19 @ 1:00 Room A. Called CP & advised of change. (GW)

**9-12-05** FFC ltrs out. CP (mail) RA (fax & mail) (GW)

**9-21-05** Chg. amended to incl Constr dschg. Mailed to CP for signature. CP is @ temp address : 675 Pewter Ct #107 Charlottesville Va 22911 (moved from Oc ...

05/23/2007 14:06 FAX 202 659 1027      BIRCH HORTON BITTNER                    ☑012/019

# Exhibit 4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office          21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2604, 2632 & 2805

**September 21, 2005**

Ms. Paula Pagonakis
675 Pewter Court
#107
Charlottesville, VA 22911

Our Reference: Paula Pagonakis v. Limited Brands, Inc.
EEOC Charge Number 170-2004-01038

Dear Ms. Pagonakis:

Enclosed is the amended charge of discrimination including a statement regarding forced resignation. Please sign and date both pages at the bottom left corner above where you originally signed and dated this form. Return the 2-page charge form to me using the enclosed stamped, self-addressed envelope. Once we receive your completed forms, we will return a copy to you for your records.

Very truly yours,

George J. Marinucci
Investigator

enc.

05/23/2007 14:06 FAX 202 659 1027     BIRCH HORTON BITTNER     ☑014/019

# Exhibit 5

look out of my mailbox on 10/17/05

U.S. OFFICIAL MAIL

U.S. POSTAGE

PENALTY $300

PHILADELPHIA PA

Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515

PAG0140X 197093001 1905 11 10/11/05
NOTIFY SENDER OF NEW ADDRESS
PAGONAKIS
675 PEWTER CT #107
CHARLOTTESVILLE VA 22911-8475

Ms. Paula Pagonakis
140 Back Creek Drive
Middletown, DE 19709

19703+8446-40 R002

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

*10/17/05*

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him
or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner,
it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
can be brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the
clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal
strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

P6704

EEQC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Ms. Paula Pagonakis<br>140 Back Creek Drive<br>Middletown, DE 19709 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>The Bourse<br>21 S. Fifth Street, Suite 400<br>Philadelphia, PA 19106-2515 |

[  ]    *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 171-2004-01038 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]    We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available
        for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]    While reasonable efforts were made to locate you, we were not able to do so.

[  ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude
        that the information obtained establishes violations of the statutes. This does not certify that the respondent is in
        compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised
        by this charge.

[  ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of
your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state
court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be
lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA under-
payment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso, District Director*

*October 5, 2005*

*(Date Mailed)*

Enclosure(s)

cc:    Limited Brands, Inc. (Express Store #340)
       David A. Campbell, Esquire (For Respondent)

P6703

Exhibit 6

## Capital Reporting Company

Page 120

1    Creek Drive, Middletown, Delaware 19709?

2         A     Yes

3         Q     The Right to Sue letter, why don't we mark

4    this.

5              (Pagonakis Exhibit No. 7 was marked)

6         Q     See Exhibit 7?

7         A     Yes.

8         Q     The Right to Sue letter was mailed to the

9    address the 140 Back Creek Drive that's set forth on

10   your amended charge, correct?

11        A     Yes.

12        Q     Wher did you receive the Right to Sue

13   letter Exhibit 7?

14        A     I received it on the 17th.

15 ·      Q     Of October?                        .

16        A     Yes.

17        Q     How did you receive it?

18        A     It was forwarded from the Middletown,

19   ˙Delaware Post Office on the 11th.˙

20        Q     So when did you first contact an attorney

21   after receiving this Right to Sue letter?

22        MR. EHRENBERG:  Going to object to that, if