# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA PAGONAKIS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-027 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EXPRESS, LLC, a/k/a/ | ) | |
| LIMITED BRANDS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF ANA KLANCIC

I, Ana Klancic, do hereby affirm and solemnly declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age and if called to testify at trial would be competent to testify as to the matters set forth below.

2. Paula Pagonakis the Plaintiff in the captioned matter, was an employee of Defendant at Defendant's Express store at the Christiana Mall in Newark, Delaware from June 2000 until March 2004. I was the District Manager in charge of the Christiana Mall Express store until the separation of my employment with Defendant in November 2004. In my capacity as District Manager, I had fairly frequent contact with, and supervision over, Paula Pagonakis.

3. I was aware that Paula suffered from medical conditions/disabilities that necessitated certain accommodations in the workplace. When Paula and I began to work together, we discussed her medical conditions and need for certain accommodations in the workplace, and I authorized certain workplace accommodations for Paula. These

accommodations included: (a) allowing Paula to take periodic breaks; (b) only scheduling Paula only for daylight hours (because her medical condition prevented her from driving at night); (c) not assigning Paula tasks that called for climbing; (d) scheduling Paula for a day off every three to four days; and (e) periodically allowing Paula to work from home. Paula's direct supervisors at the Christiana Mall store were also aware of her medical conditions and her need for workplace accommodations.

4. I promoted Paula from the position of Brand Sales Leader to Co-Manager at the Christiana Mall store in June 2003 because I felt that Paula was an asset to our team. I agreed to keep Paula's workplace accommodations in place at this time because I wanted to encourage Paula to remain part of our team.

5. In fall of 2003, my direct supervisors and representatives of Defendant's human resources department inquired as to why Paula was receiving workplace accommodations, including allowing Paula to work less than a forty hour work week. I explained to these individuals that we had agreed to provide workplace accommodations for Paula based upon her medical condition/disabilities. I was instructed by my superiors at this time to cease all accommodations until Paula provided medical documentation of her need for the accommodations.

6. Based upon the directives of my superiors and Defendant's human resources department, Paula's workplace accommodations were withdrawn in late November or early December 2003. These workplace accommodations were not reinstated prior to the termination of Paula's employment with Defendant in March 2004.

Executed this 6th day of March 2007 at Sewell, New Jersey.

_____
Ana Klancic