IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAULA PAGONAKIS,   )<br>)<br>Plaintiff,   )<br>v.   )   Case No.: 06-027 SLR<br>)<br>EXPRESS, LLC, a/k/a   )<br>LIMITED BRANDS, INC.,   )<br>)<br>Defendant.   ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT EXPRESS, LLC'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

I. **INTRODUCTION**

Defendant Express, LLC ("Defendant") is entitled to summary judgment in its favor on Plaintiff's claims under the Americans with Disabilities Act (the "ADA") because Plaintiff's Opposition fails to present any genuine issues of material fact for trial.

First, and foremost, the Opposition relies on a faulty declaration submitted by Plaintiff. It is well established that a party may not create a genuine issue of material fact based on a declaration that contradicts prior deposition testimony without explanation. Yatzus v. Appoquinimink Sch. Dist., 458 F. Supp.2d 235, 247 (D. Del. 2006). At her deposition, Plaintiff testified unambiguously that her address was correct on the date that she signed the amended charge. See Deposition of Plaintiff (hereinafter "Plaintiff's Dep.") at 124-125.[1] Plaintiff's declaration, without explanation, contradicts this prior deposition testimony. Accordingly, based on uniform Third Circuit authority, Plaintiff's declaration should be rejected and summary judgment should be granted in favor of Defendant on Counts I and II of the Complaint.

---

[1] The relevant pages of Plaintiff's deposition transcript cited herein are attached to Defendant's Motion for Partial Summary Judgment.

Second, as to Defendant's argument that the EEOC never investigated Plaintiff's retaliation and constructive discharge claims, Plaintiff relies on her own conclusory declaration testimony claiming that the EEOC investigated her retaliation claim. <u>Plaintiff's declaration does not allege that her constructive discharge claim was investigated</u>. Plaintiff's conclusory claim that these allegations were part of the EEOC's investigation is insufficient as a matter of law to defeat summary judgment. <u>Schoch v. First Fidelity Bancorpation</u>, 912 F.2d 654, 657 (3rd Cir. 1990) (neither unsupported allegations in pleadings and memoranda of law nor conclusory allegations in affidavits will establish genuine issue of material fact).

## II. THE UNDISPUTED EVIDENCE CONFIRMS THAT PLAINTIFF'S ADA COMPLAINT IS UNTIMELY

Plaintiff does not dispute that the failure to file a complaint within 90-days after having received a right to sue letter is fatal. Opposition at p. 6. Rather, Plaintiff argues that the complaint was filed within 90 days of her receipt of the right to sue letter because "it is undisputed that the *EEOC sent Plaintiff's right to sue letter to the wrong address*." Opposition at 8 (emphasis in original). Plaintiff claims that the right to sue letter should have been sent to her address in Virginia, and not Delaware. Plaintiff's factual statement is faulty and should be rejected.[2]

### A. Plaintiff's Declaration Contradicts Her Prior Deposition Testimony.

On September 28, 2005, Plaintiff signed an Amended Charge (the "Amended Charge") with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Dep. at Ex. 6. As with the original Charge, the Amended Charge listed Plaintiff's address as 140 Back Creek

---

[2] Plaintiff does not argue that the equitable tolling doctrine should apply. Accordingly, if this Court determines that the ADA complaint was even one day late, summary judgment should be granted in favor of Defendant on Counts I and II of the Complaint.

Drive, Middletown, DE 19708. Plaintiff's Dep. at Ex. 6. Plaintiff's deposition testimony is clear that the Delaware address was her correct address when the Amended Charge was verified:

> Q. Why didn't you change your address on the amended charge when you signed it on September 28, 2005?
> A. *Because that's where I lived at that time.*
>
> \* \* \*
>
> Q. Why wouldn't you change your address in the discrimination amended charge?
> A. *That was done before – I still lived at that address when that was filled out.*
> Q. *When you filled it out on September 28th, 2005?*
> A. *When I filled this out I was in Delaware.*

Plaintiff's Dep. at 124-125 (emphasis added).

Despite this clear and unambiguous deposition testimony, Plaintiff relies on her own self-serving declaration to defeat summary judgment which asserts that "I lived in or around Wilmington, Delaware from approximately June 2000 through early September 2005." Opposition at Decl. at ¶3. Although the above deposition testimony is attached to the Declaration, Plaintiff provides no explanation for this material contradiction. It is well established that a party may not create a genuine issue of material fact based on a declaration that contradicts prior deposition testimony without explanation. Yatzus, 458 F. Supp.2d at 247. Accordingly, Plaintiff's declaration testimony as to when she moved to Virginia should be rejected by the Court. Her deposition testimony confirms that the EEOC sent her Right to Sue Letter to the proper address – the address she verified six days earlier.

### B. Based On Plaintiff's Deposition Testimony, The ADA Complaint Is Untimely Under The 3-Day Mail Rule Presumption.

Based on the above deposition testimony, there is clearly a dispute regarding the date that Plaintiff received her Right to Sue Letter. This dispute is not a material issue of fact precluding summary judgment. To the contrary, this dispute requires that summary judgment be entered in

favor of Defendant because the 3-day presumption of receipt applies and confirms Plaintiff's ADA complaint is untimely.

Plaintiff's reliance upon Dunlap v. Boeing Helicopter Div., No. 03-CV-2111, 2005 WL 435228 (E.D. Pa. Feb. 23, 2005) is misplaced. Not only is Dunlap not binding on this Court, but it incorrectly cites Third Circuit precedent. Mosel v. Hills Dep't Store, Inc., 789 F.2d 251 (3rd Cir.), following the United States Supreme Court's decision in Baldwin Cty. Welcome Ctr., 466 U.S. 147 (1984), confirms that when the date of receipt of the EEOC right to sue letter is in dispute, the 3-day presumption of receipt set forth in Federal Rules of Civil Procedure Rule 6(e) applies:

> The Supreme Court has suggested that Rule 6(e) is applicable in the present context if the parties dispute the date on which the plaintiff received notice of the EEOC's determination. In that situation, Rule 6(e) would create a presumption that notice was received 3 days after it was mailed.

Mosel, 789 F.2d at 253. See also Seitzinger v. The Reading Hosp. and Med. Ctr., 165 F.3d 236, 239-40 (3d Cir. 1999) (citing Mosel, stating that the United States Supreme Court has suggested that when the parties dispute the date of receipt, Rule 6(e) applies). This Court, in fact, has applied the 3-day presumption of receipt. See Arot v. Salesianum School, Inc.'s, No. 01-334 GMS, 2003 WL 21398017 at *2 (applying Rule 6(e)'s 3-day presumption to bar Plaintiff's complaint); Dupree v. United Food and Commercial Workers Union, No. Civ. A. 03-930-GMS, 2005 WL 41562 (D. Del. Jan. 7, 2005) (same).

Regardless of whether "Plaintiff has steadfastly maintained that she received the right-to-sue letter on October 17, 2005", as a matter of law, her bare assertion of the date of receipt does not nullify Rule 6(e)'s 3-day presumption of receipt. See Arots, No. 01-334 GMS, 2003 WL 21398017 at *2 (finding that bare assertions by the plaintiff of the receipt date are insufficient to

4

rebut Rule 6(e)'s presumption of receipt after three days of mailing). It is undisputed that the EEOC issued and mailed Plaintiff her Right to Sue Letter on October 5, 2005. Plaintiff's Dep. at Exhibit 7. Following Rule 6(e), the date of receipt is presumed to be October 8, 2005. Consequently, Plaintiff's 90-day limitations period expired on January 6, 2006 – <u>seven days before</u> she commenced this action.

### C. The ADA Complaint Is Untimely Even If There Is A Dispute Regarding Plaintiff's Address At The Time Of The Mailing Of The Right To Sue Letter.

Even assuming, <u>arguendo</u>, that Plaintiff moved to Virginia during the 6-day period between when she verified her address in Delaware as being her correct address and when the EEOC issued her Right to Sue Letter, it is undisputed that the U.S. Post Office forwarded the Right to Sue Letter to Plaintiff in Virginia on October 11, 2005. Rule 6(e) presumes the date of receipt is October 14, 2005. Consequently, Plaintiff's 90-day limitations period expired on January 12, 2006 – <u>one day before</u> she commenced this action.

Plaintiff relies on a self-serving conclusory allegation for the position that she did not receive the mail until six days later. This conclusory allegation cannot create an issue of fact for trial. <u>Schoch</u>, 912 F.2d 654 at 657 (neither unsupported allegations in pleadings and memoranda of law nor conclusory allegations in affidavits will establish genuine issue of material fact). Accordingly, even if Plaintiff can establish that she moved before the EEOC issued her Right to Sue Letter, her ADA complaint is still untimely.

### III. PLAINTIFF OFFERS NO EVIDENCE TO OVERCOME HER FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES

If, <u>arguendo</u>, the ADA complaint was timely filed, judgment should still be entered in favor of Defendant on Plaintiff's constructive discharge and retaliation claims under the ADA as the EEOC never investigated either of these allegations.

### A. Plaintiff Concedes That Her Constructive Discharge Allegation Was Never Investigated By The EEOC.

Before bringing a claim of discrimination under the ADA, a plaintiff must, as an absolute prerequisite, exhaust administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a); e.g. Buck, 452 F.3d at 260. The failure to do so calls for the dismissal of a discrimination claim. See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

During her employment with Defendant, Plaintiff filed her charge of discrimination with the EEOC. Plaintiff's Dep. at Ex. 5. In the Charge, Plaintiff alleged that she was the victim of age and disability discrimination. Plaintiff's Dep. at Ex. 5. Obviously, since Plaintiff had not yet resigned from her employment, the Charge does not allege constructive discharge. Plaintiff's Dep. at Ex. 5. On September 28, 2005, six months after she resigned, Plaintiff signed an Amended Charge, adding an allegation of constructive discharge. Plaintiff's Dep. at Ex. 6. This new allegations was never investigated. Indeed, while Plaintiff's Declaration alleges that her retaliation allegations were investigated by the EEOC, Plaintiff's Declaration does *not* allege that the EEOC investigated her constructive discharge allegations. Rather, the Declaration simply asserts that Plaintiff amended her charge to include constructive discharge allegations "at the behest of the investigator." Opposition at Decl. at ¶ 9.

Based on the undisputed evidence that the initial charge does not allege constructive discharge and the absence of any evidence, beyond attorney arguments, that the constructive discharge allegation was investigated by the EEOC, summary judgment should be entered in favor of Defendant on Plaintiff's ADA constructive discharge claim.

B.   **Plaintiff's Conclusory Testimony That Her Retaliation Claim Was Investigated Should Be Rejected.**

Unlike with her constructive discharge claim, Plaintiff does assert that the EEOC investigated her retaliation claim. Opposition at Decl. at ¶ 5. However, this self-serving, conclusory allegation is contrary to the documented, undisputed facts and should be rejected. Schoch, 912 F.2d 654 at 657.

It is undisputed that Plaintiff did not specifically assert a claim of retaliation in her Charge or check the box to indicate that her Charge included a claim of retaliation. No where in the Charge does Plaintiff mention the word "retaliation" or allege that she protested against discrimination or engaged in protected activity. The Charge is clearly limited to one claim of disability discrimination: "I believe that I am being discriminated against (denied reasonable accommodations) because of my disability in violation of the ADA." Opposition at Ex. 1. Based on this plain and unambiguous language, there was no reason for the EEOC to expand its investigation beyond disability discrimination. In fact, Plaintiff offers no evidence to show that the EEOC did.

Even more telling, Plaintiff filed an Amended Charge and did not include a claim of retaliation. Again, the retaliation box was not checked and no mention of retaliation was made. In short, Plaintiff had not one, but two opportunities to raise her claim of retaliation to the EEOC, but she did not. As the undisputed facts demonstrate, Plaintiff's Charge is limited to one claim of disability discrimination and this is all the EEOC investigated. Accordingly, Plaintiff failed to exhaust her administrative remedies on her retaliation claim and Defendant is entitled to judgment in its favor on this claim as a matter of law.

Ruberg v. Outdoor World, NO. 4-CV 05-01520, 2006 WL 300296 (M.D. Pa. Feb. 8, 2006) does not alter this conclusion. In Ruberg, the plaintiff filed a two-count complaint at the

7

administrative level. Count 1 asserted a claim of disability discrimination by virtue of the defendant's alleged failure to offer Plaintiff a reasonable accommodation. Count 2, the court recognized, did not set forth a clear cause of action. This necessarily required the administrative level to investigate any possible avenue of recovery for the plaintiff, including, but not limited to retaliation. This is not the case here. Plaintiff's Charge makes clear that she is asserting only one claim of disability discrimination. The allegations set forth in Plaintiff's Charge do not suggest or raise any inference of retaliation that would cause the EEOC to expand its investigation beyond disability discrimination.

In cases such as this, where the Charge is devoid of any allegations of retaliatory conduct, courts have denied plaintiffs from asserting such a claim in their judicial action for failing to exhaust the administrative process. See Turgeon v. Marriot Hotel Serv., No. Civ. A. 99-4401, 2000 WL 1887532, at *9 (E.D. Pa. Dec. 27, 2000) (barring plaintiff from asserting a claim of retaliation where plaintiff only asserted in his charge that he was discriminated against on the basis of his race and not that he was subjected to retaliatory conduct); Janis v. La-Z-Boy Furniture Galleries, No. Civ. A. 05-2410, 2006 WL 724157, *6 (E.D. Pa.) (E.D.Pa.,2006) (finding that even though the plaintiff checked the box for retaliation on his charge, because he did not state the nature of the retaliation, he failed to exhaust his administrative remedies on that claim.).

Accordingly, because Plaintiff's claim of retaliation was never raised before, nor investigated by the EEOC, and because Plaintiff offers no competent evidence to suggest otherwise, Plaintiff is barred from asserting her retaliation claim in this action and summary judgment should be entered in Express' favor on this claim.

IV.    **CONCLUSION**

Based on the above-cited arguments and authorities, judgment should be entered in favor of Defendant on Counts I and II of Plaintiff's Complaint.

Respectfully Submitted,

By:    */s/ Sheldon K. Rennie (#3772)*
Francis G.X. Pileggi, Esquire (#2624)
Sheldon K. Rennie, Esquire (#3772)
**FOX ROTHCHILD LLP**
Citizens Bank Center, Suite 1300
919 North Market Street, P.O. Box 2323
Wilmington, Delaware  19899-2323
(302) 654-7444 (Tel)
(302) 656-8920 (Fax)
E-MAIL: fpileggi@foxrothschild.com
E-MAIL: srennie@foxrothschild.com

-and-

DAVID A. CAMPBELL (#0066494)
*Admitted pro hac vice*
LORI L. FAUVIE (#0076831)
*Admitted pro hac vice*
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio  44114
(216) 479-6100 (Tel)
(216) 479-6060 (Fax)
dacampbell@vssp.com; llfauvie@vssp.com
*Attorneys for Defendant*

Dated:  June 6, 2007